UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY** | * | |
| Plaintiff | * | |
| v. | * | |
| **TIMOTHY OLAWUNI, et.al.** | * | Case NO. 1:06CV00157 |
| | * | Judge Paul L. Friedman |
| Defendant. | * | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT

COMES NOW the Defendants, Timothy Olawuni, Florence Olajide and Tim & Flo Realty/Construction Firm, LLC., by their undersigned counsel, and hereby submit the following Memorandum of Points and Authorities in support of their Motion to Vacate Entry of Default docketed by the clerk of this Court on April 10, 2006.

1. This matter is before the Court on Plaintiff Federal Insurance Company's complaint for negligence and nuisance filed, on January 30, 2006 under 28 U.S.C. § 1332. On February 17, 2006, Plaintiff's counsel filed three Return of Service/Affidavit of Summons alleging that Defendants Timothy Olawuni, and Tim & Flo Realty/Construction Firm, LLC were served with the summons and complaint on February 13, and that Florence Olajide was served on February 14 2006, respectively. See Copy of the Court's Docket Report attached herewith as Defendants's Exhibit C. However, the Return of Service filed on all three defendants failed to identify which defendant was actually served or the identity of the individual served. See Copies of Return of Service, attached herewith as Defendants' Exhibits D, E, and F.

2. Plaintiff's Return of Service on Defendant Florence Olajide merely checked the

4

box on the Return of Service Form indicating that process was "served personally upon the defendant." As to the time and place where served, the return of service stated that the defendant was served at 711 Seek Lane, Takoma Park, Maryland 20912, on February 13, 2006 at 9:45 p.m. Similarly, for Defendant Timothy Olawuni, the return of service stated that the defendant was served at 711 Seek Lane, Takoma Park, Maryland 20912, on February 13, 2006 at 9:40 p.m. With regard to the Defendant, Tim and Flo Realty/Construction Firm, LLC, the return claimed that Defendant's Registered Agent, Timothy Olawumi was served at 9:40 p.m., on February 13, 2006 at 711 Seek Lane, Takoma Park, Maryland 20912.

3.  Defendants now move this Honorable Court to vacate the entry of default by the Clerk of the Court, pursuant to Federal Rule of Civil Procedure 55( c) and Local Rule 7.1g., avowing that they were never served. Pursuant to Local Rule 7.1g, Defendants' Verified Answer to the Complaint is attached as stated above.

4.  Rule 55( c) provides that the Court may vacate an entry of default for good cause. Fed. R. Civ. P. 55 ( c). A decision to vacate default judgment under Rule 55( c) is within the discretionary powers of the Court "but the court should resolve any doubt regarding vacatur of the default entry in favor of the moving party so that the matter can be decided on the merits." *Lutwin v. City of New York*, F.2d 1004 (2d Cir. 1986). The factors to be considered when deciding whether to vacate entry of default includes: (I) whether defendant's conduct in falling to plead was wilful, (ii) whether Plaintiff would be prejudiced by the vacatur, (iii) whether Defendant has a meritorious defense and finally, (iv) whether the Defendant acted with promptness in moving to vacate judgment. Id. See also, *In re Men's Sportswear, Inc.*, 834 F.2d 1138 (2nd Cir. 1987), and *Dow Chem, Pac. Ltd. V. Rascator Maritime*, S.A. 782 F.2d 329, (2d

5

Cir. 1986). However, *In Perlta v. Heights Medical Center*, 485 U.S. 80, (1988) the Supreme court held thus:

> The argument that appellant suffered no harm from the default judgment since the same judgment would have been entered on retrial absent a meritorious defense is untenable because, had he had notice of the suit, appellant might have impleaded the employee whose debt had been guaranteed, worked out a settlement, paid the debt, or sold the property himself rather than suffer its sale at a constable's auction for allegedly much less than its true value.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306; *Armstrong v. Manzo*, 380 U.S. 545.

5. Defendants failure to plead or file answers, which resulted in the entry of default was not wilful. See attached affidavits of Defendants Timothy Olawuni and Florence Olajide. Defendants maintain that they were never served with process in this matter. Defendant OLawuni admit that 711 Seek Lane, Takoma Park, Maryland is his primary residence but has no recollection of receiving the Summons and Complaint or any other court documents from a process server concerning this lawsuit at the address. Moreover, the return of service fails to identify the persons served such as the sex, race color, approximate age, weight or height of the individuals purportedly served. Defendants are well aware of the consequences of a judgment of default in this matter and would not have allowed an entry of default before filing their answers to the Plaintiff's Complaint. More particularly, when defendants learned that the Plaintiff would come after them upon paying the Subrogor's damages, it acted in good faith and immediately retained counsel.[1]

6. Defendants respectfully submit that the Plaintiff will not be prejudiced if the entry

---

[1] Defendants retained Attorney Alexander Agiliga to represent them upon information that the Plaintiff would be making a claim against them.

of default is vacated. As of May 10. 2006, Plaintiff's *Pro Hac Vice* motion for leave to appear by Attorney F. Noone of the Pennsylvania bar was still pending before this Court. Plaintiff is a Subrogee of the home owner and has all its documentation intact. The documents were collected in the cause of settling the home owner's claim and are stored and safeguarded by the plaintiff as is customary practice of the insurance companies. Therefore, Plaintiff would not suffer any prejudice if the entry of default is vacated as no evidence has been lost in the Plaintiff's case.

7. Defendants have a meritorious defense. Defendants maintained a liability insurance which indemnified them in the plaintiff claim. Defendants also assigned the activities which led to the Plaintiff's Claim to a subcontractor who should further indemnify them from liabilities flowing from the subject matter of the Plaintiff's complaint. Plaintiff has not stated that it is unable to subrogate from the Defendant's insurance company as well as the subcontractor's insurance carrier. In any event, the Defendants submit that had they received proper notice of this lawsuit, they would have impleaded their insurance carrier and the subcontractor who performed the job which is the subject matter the Plaintiff's claim, or worked out some settlement arrangement with the Subrogee, should liability be found to rest with them.

8. The Potential liability against the Defendants is approximately $200,000. The impact of such a judgment against the Defendants weighs against the entry of a default judgment and in favor of granting Defendant's motion to vacate the entry of default. Aware of the potential for liability, Defendants purchased liability insurance to protect them from any damages that may result from the construction work on the premises. Also, as soon as they became aware of the entry of default, they contacted the undersigned counsel. Defendants' quick responses show a good faith effort to remedy the default. The significant monetary demand by the Plaintiff in this

lawsuit and Defendants' showing of good cause for failing to plead or file answers to the Plaintiff's complaint favors the granting of Defendants' motion to vacate entry of Default.

WHEREFORE the Defendants respectfully request that this Court issue an order vacating the entry of Default and accept the Verified Answers to the Plaintiff's Complaint as timely filed.

Respectfully Submitted,

_____
MaryRose Ozee Nwadike, Esquire
DC Bar No. 455965
8701 Georgia Avenue, Suite 600
Silver Spring, MD 20910
(301) 565-2424
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY | * | |
| Plaintiff | * | |
| v. | * | |
| TIMOTHY OLAWUNI, et.al. | * | Case NO. 1:06CV00157 |
| Defendant. | * | Judge Paul L. Friedman |

## LINE OF ENTRY OF APPEARANCE OF COUNSEL

TO THE CLERK OF THE COURT:

PLEASE enter the appearance of Attorney MaryRose Ozee Nwadike as counsel for Defendants Timothy Olawuni, Florence Olajide, Tim & Flo Realty/Construction Firm LLC in the above captioned matter.

Respectfully submitted,

_____
MaryRose Ozee Nwadike
Bar Number 455695
8701 Georgia Avenue, Suite 600
Silver Spring, MD 20910
(301) 565-2424

Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY** | * |
| Plaintiff | * |
| v. | * |
| **TIMOTHY OLAWUNI, et.al.** | *   Case NO. 1:06CV00157 |
| | *   Judge Paul L. Friedman |
| Defendant. | * |

## MOTION TO VACATE ENTRY OF DEFAULT

COMES NOW the Defendants, Timothy Olawuni, Florence Olajide and Tim & Flo Realty/Construction Firm, LLC., by and through counsel, MaryRose Ozee Nwadike, and hereby move this Honorable Court to vacate the entry of default against these defendants. On January 30, 2006, Plaintiff Federal Insurance Company, as Subrogee of Denice Washington, filed the instant lawsuit against the Defendants Timothy Olawuni, Florence Olajide, Tim & Flo Realty/Construction Firm LLC, and Pedro L. Rodriguez, alleging that certain acts of the Defendants were the proximate cause of damages to the Plaintiff's real estate and personal properties. The Complaint also alleged that the acts of the defendants constituted a nuisance.

On April 10, 2006, this Court entered a Default against Defendants Timothy Olawuni, Florence Olajide, Tim & Flo Realty/Construction Firm LLC (hereinafter Defendants), for failing to plead or otherwise file answers to Plaintiff's Complaint. The Entry of Default suggests that Defendants were served with process on February 13, 2006.

Defendants respectfully submit that they have never been served with process in this matter and therefore could not be in default.

Wherefore, Defendants Timothy Olawuni, Florence Olajide, Tim & Flo

Realty/Construction Firm LLC request pursuant to Local Rule 7 (8), that this Court vacate the entry of default. *A Verified Answer to the said Complaint is attached herewith as Exhibit A.*

Respectfully submitted,

*[signature]*

MaryRose Ozee Nwadike
Bar Number 455695
8701 Georgia Avenue, Suite 600
Silver Spring, MD 20910
(301) 565-2424

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on this 14th day of June, 2006, a true copy of the foregoing Motion to Vacate Entry of Default was served by mailing same, first class Mail, postage prepaid to:

Eric N. Stravitz, Esquire
MESIROW & STRAVITZ, PLLC
2000 Massachusetts Avenue, Suite 200
Washington, D.C. 20036

Attorney for Defendant.

*[signature]*
Maryrose Ozee Nwadike, Esquire

2

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1 of the United States District Court for the District of Columbia, counsel for the Defendants hereby certifies that it has been ascertained that opposing counsel will not consent to the relief sought in Defendants' Motion to Vacate Entry of Default. Defense Counsel contacted Plaintiff's Counsel by telephone and sought his consent to this motion but the request was denied. See Plaintiff's Counsel Matthew F. Noone's letter of May 9, 2006 attached herewith as Defendants's Exhibit B.

_____
MaryRose Ozee Nwadike, Esquire