**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

Federal Insurance Company as subrogee of Denise Washington
    Plaintiff(s)

                          Case Number: 1:06 CV 00157
                          Judge Paul L. Friedman

vs.

Timothy Olawuni, et al
    Defendant(s)

**JOINT STATEMENT OF PARTIES**
**PURSUANT TO LOCAL RULE 16.3**

Plaintiff's counsel attempted by phone and e-mail on multiple occasions to contact defense counsel in order to Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3(a), a discovery planning meeting was held on August 1, 2006.

The participants from this case were:

| | |
|---|---|
| Matthew F. Noone | Mary Rose Ozee Nwadike |
| COZEN O'CONNOR | Bar No. 455695 |
| 1900 Market Street | 8701 Georgia Avenue, Suite 600 |
| Philadelphia, PA  19103 | Silver Spring, MD 209010 |
| 215-665-2164 | 301—565-2424 |
| Counsel for Plaintiff Federal Insurance Co. | Counsel for defendants Olawuni, Olajide, and Tim & Flo Realty/Construction Firm, LLC |

Pursuant to Local Rule 16.3(c), the following matters were discussed:

1. Whether the case is likely to be disposed of by dispositive motion.

**It is unknown at this time whether the case is likely to be disposed of by dispositive motion.**

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**The parties have agreed any amendments to the pleadings to include additional parties will take place prior to December 31, 2006. Any amendments to the pleadings for any other reason shall occur prior to April 15, 2007.**

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**At this time, the parties do not agree to the assignment of this case to a magistrate judge for all purposes.**

4. Whether there is a realistic possibility of settling the case.

**Unknown at this time.**

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures.

**After discovery is completed, the parties will advise the Court whether ADR is a realistic option for resolving this case.**

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Unknown at this time.**

7. Whether the parties should stipulate to dispense with the initial disclosures required by the Rule 26(a)(1), F.R.Civ.P. and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The parties have agreed to exchange initial disclosures prior to September 29, 2006.**

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**All written discovery shall be served by the parties on or before October 31, 2006.**

**All fact discovery will be completed prior to February 28, 2007.**

**Plaintiff's expert reports will be due on or before March 31, 2007.**

**Defendants' expert reports shall be due on or before April 31, 2007.**

**All expert depositions will be completed by May 31, 2007.**

**All discovery will be completed prior to June 15, 2007.**

**Dispositive motions shall be filed on or before July 1, 2007.**

**The parties have agreed that there are no limitations placed on discovery outside of those set forth in the Federal Rules of Civil Procedure.**

**No protective order is appropriate at this time.**

9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**No modifications regarding expert witness disclosure are necessary. The parties shall exchange their expert reports in accordance with the deadlines set forth above.**

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**This is not a class action, and this item is not applicable.**

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**At this time, the parties do not propose the bifurcation or management of this case in phases.**

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**The parties recommend that a pretrial conference be held within 30 days after the dispositive motions deadline of July 1, 2007.**

13. Whether the Court should set a firm trial date at the final scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**The parties request that a trial date be set at the pretrial conference.**

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**None at this time.**

Respectfully submitted,

COZEN O'CONNOR

BY: __/s/_____          BY: __/s/_____
    Matthew F. Noone                    Mary Rose Ozee Nwadike
    1900 Market Street                  Bar No. 455695
    Philadelphia, PA  19103             8701 Georgia Avenue, Suite 600
    215-665-2164                        Silver Spring, MD 209010
    Counsel for Plaintiff               301-565-2424
    Federal Insurance Co.               Counsel for defendants Olawuni, Oajide,
                                        and Tim & Flo Realty/Construction Firm, LLC

MESIROV & STRAVITZ

BY: __/s/_____
    Eric Stravitz
    2015 R. Street, N.W.
    Suite 300
    Washington, DC 20009