IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, as subrogee of DENISE WASHINGTON, 15 Mountain View Road Warren, New Jersey<br><br>    Plaintiff,<br><br>    vs.<br><br>Timothy Olawuni 24 Kennedy Street, NW Washington, DC 2001<br><br>and<br><br>TIMOTHY ADEYEMI 1320 Fort Stevens Drive # 5, NW Washington, DC 20022<br><br>and<br><br>Florence Olajide 7838-C Eastern Ave. NW Washington, DC 20012<br><br>and<br><br>Tim & Flo Realty/Construction Firm LLC 5614 5th St. NW Washington, DC 20011<br><br>and<br><br>Pedro Medrano, a/k/a Pedro Madrano, individually and d/b/a Moya Contractors Company 806 West Nettle Tree Road Sterling, Virginia 20164<br><br>    Defendants | Case:  1:06-CV-00157-PLF<br><br>**JURY TRIAL DEMANDED** |

_____

## FIRST AMENDED COMPLAINT

Plaintiff, by and through its counsel, complaining of the defendants, alleges the following upon information and belief:

## PARTIES

1. Plaintiff, Federal Insurance Company, is a corporation organized and existing under the laws of the State of Indiana, with a principal place of business located at 15 Mountain View Road, Warren, New Jersey, and at all times relevant hereto, was licensed to issue insurance policies in the District of Columbia.

2. At all times hereinafter mentioned, Denise Washington was the owner of the house located at 1429 5th Street, NW, Washington, DC, and was insured through a policy of insurance issued by Plaintiff, which insured her against, <u>inter</u> <u>alia</u>, damages to real and personal property, as well as continuing expenses, loss of use and extra expense.

3. Defendant Timothy Olawuni, is an individual residing at 24 Kennedy Street, N.W., Washington, DC 2001, and at all times relevant hereto was the co-owner of the property located at 1427 5th Street, NW, Washington, DC.

4. Upon information and belief, Timothy Adeyemi is an individual with a last known residence at 1320 Fort Stevens Drive # 5, NW, Washington, DC. The plaintiff believes that Timothy Olawuni and Timothy Adeyemi are one and the same person. Timothy Olawuni has denied this assertion in deposition testimony. Mr. Olawuni also testified that he has been granted power of attorney by Mr. Adeyemi to conduct Mr. Adeyemi's business affairs, including affairs related to the property located at 1427 5th Street, NW, Washington, DC. As a result, Mr. Olawuni is vested with the power to accept service of legal papers and complaints filed against Mr. Adeyemi.

5. Defendant Florence Olajide is an individual residing at 7838-C Eastern Ave. NW, Washington, DC 20012, and at all times relevant hereto was the co-owner of the building located at 1429 5th Street, NW, Washington, DC.

6. Defendant Tim & Flo Realty/Construction Firm LLC is a limited liability corporation organized and existing under the laws of the District of Columbia, with a principal place of business located at 5614 5th St. NW, Washington, DC 20011, and at all times relevant hereto was engaged in the business of redeveloping the property located at 1427 5th Street, NW, Washington, DC.

7. Defendant Pedro Madrano, a/k/a Pedro Medrano, is an individual residing at 806 West Nettle Tree Road, Sterling, Virginia, who does business as Moya Construction Company, and at all times relevant hereto was acting as construction manager for the renovation of the property located at 1427 5th Street, NW, Washington, DC.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C.A. § 1332 by reason of diversity of citizenship of the parties. The matter in controversy, exclusive of interests and costs, exceeds the sum of $75,000.00. Venue is properly laid in this District pursuant to the provisions of 28 U.S.C.A. § 1391.

## FACTS

9. On or around August 9th, 2005, the defendants and their servants, employees, agents and/or subcontractors, were performing excavation work at the property located at 1427 5th Street in N.W. in Washington. D.C.

10. In the course of performing such work, the common wall between 1427 and 1429 5th Street, NW collapsed, causing severe damage to the real and personal property of plaintiff's insured.

11. As a result of the collapse referred to above, and pursuant to the aforesaid policy of insurance, Plaintiff has paid its insured, Denise Washington, the fair and reasonable cost of repairing and/or replacing the damaged real and personal property, as well as the additional living expenses she incurred as a result of the collapse. As a result of said collapse, Plaintiff is both legally and equitably subrogated to any and all claims that Denise Washington may have against the Defendants.

## COUNT I

## NEGLIGENCE

12. Plaintiffs reassert the allegations contained in paragraphs 1 through 11 above as if fully set forth herein.

13. The plaintiff's injuries and other damages were caused by the negligence, carelessness and other acts or omissions of the defendants, their employees, agents and/or servants in:

    (a) failing to take the appropriate measures necessary to prevent the wall from collapsing;

    (b) failing to properly brace and underpin the wall to prevent the collapse of same; and

    (c) failing to hire a competent engineering professional to prepare a plan for underpinning the wall during the renovation project;

14. The Plaintiff suffered damages as a direct and proximate result of said negligence.

WHEREFORE, the plaintiff demands judgment against the defendants in an amount in excess of $100,000.00 for damage to real and personal property, extra expense, loss of use and

additional living expenses, together with interest, the costs of this action, and any other relief to which the plaintiff is s are legally entitled.

## COUNT II

## NUISANCE

15. Plaintiff reasserts the allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

16. The Defendants unreasonably interfered with the use and enjoyment of the property of plaintiff's insured to an extent that the Plaintiff's insured could not be reasonably expected to bear without compensation, which interference constituted a nuisance.

17. The Plaintiff suffered damages as a direct and proximate result of said nuisance.

18. The Defendants are jointly and severally liable to the Plaintiff for damages resulting from said nuisance.

WHEREFORE, the plaintiffs demand judgment against the defendants in an amount in excess of $100,000.00 for damage to real and personal property, extra expense, loss of use and additional living expenses, together with interest, the costs of this action, and any other relief to which the plaintiffs are legally entitled.

Respectfully submitted,

FEDERAL INSURANCE COMPANY, as subrogee of DENISE WASHINGTON

By

　/s/Eric N. Stravitz　

- 5 -

Eric N. Stravitz  (D.C. Bar #438093)
2000 Massachusetts Avenue
Suite 200
Washington, DC 20036
(202) 463-0303
(202) 861-8858 fax
strav@erols.com

and

   /s/Matthew F. Noone
MATTHEW F. NOONE (Admitted Pro Hac Vice)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2192
(215) 701-2192  fax
mnoone@cozen.com