UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 1:06CV00157 |
| v. ) | |
| ) | |
| **TIMOTHY OLAWUNI, et al.** ) | |
| ) | |
| **Defendants** ) | |
| ) | |
| _____ ) | |
| ) | |
| **TIMOTHY OLAWUNI, et al.** ) | |
| ) | |
| **Defendants/Third Party Plaintiffs** ) | |
| ) | |
| v. ) | |
| ) | |
| **ALEA LONDON LIMITED** ) | |
| ) | |
| **Third Party Defendant.** ) | |
| ) | |
| _____ ) | |

## MOTION TO DISMISS OF THIRD PARTY DEFENDANT ALEA LONDON LIMITED

Pursuant to Rules 12 and 14 of the Federal Rules of Civil Procedure, Third Party Defendant Alea London Limited ("Alea"), by counsel, hereby moves to dismiss Plaintiff's Amended Complaint with respect to Alea. This motion does not seek dismissal with respect to, or on behalf of, Defendants Timothy Olawuni, Timothy Adeyemi, Florence Olajide or Tim & Flo Realty/Construction Firm LLC. Those defendants have purported to sue Alea as "third party plaintiffs" but nonetheless served Alea with a Summons to answer Plaintiff's Amended Complaint against themselves. The basis for this motion is that Plaintiff's Amended Complaint does not purport to state any claims against Alea. As more fully set forth in the accompanying

Memorandum, an allegedly injured party does have a direct right of action against the tortfeasor's insurer under District of Columbia law in any event.

    A Proposed Order of dismissal without prejudice is annexed hereto.

                          Respectfully submitted,

                          /s/  Duane K. Thompson
                          Duane K. Thompson
                          (Bar No. 376180)
                          BAACH ROBINSON & LEWIS PLLC
                          1201 F Street, NW
                          Suite 500
                          Washington, D.C. 20004
                          202/833-8900

DATED:  February 22, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **TIMOTHY OLAWUNI, et al.** ) <br> ) <br> **Defendants** ) <br> ) <br> _____) <br> ) <br> **TIMOTHY OLAWUNI, et al.** ) <br> ) <br> **Defendants/Third Party Plaintiffs** ) <br> ) <br> v. ) <br> ) <br> **ALEA LONDON LIMITED** ) <br> ) <br> **Third Party Defendant.** ) <br> ) <br> _____) | **Case No. 1:06CV00157** |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OF THIRD PARTY DEFENDANT ALEA LONDON LIMITED

Third Party Defendant Alea London Limited ("Alea") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's Amended Complaint with respect to Alea.

### Preliminary Statement

Defendants Timothy Olawuni, Timothy Adeyemi, Florence Olajide or Tim & Flo Realty/Construction Firm LLC ("Defendants") have purported to sue Alea as "third party plaintiffs" but chose to serve Alea with a Summons requiring Alea to respond to Plaintiff's

Amended Complaint. Plaintiff's Amended Complaint must be dismissed as to Alea for two reasaons. First, Plaintiff's Amended Complaint only states claims against Defendants and does not purport to state any claims against Alea. Second, the District of Columbia has not enacted "direct action" statute that would permit an injured party to bring a direct action against a tortfeasor's insurer prior to obtaining, and being unable to execute upon, a judgment against the tortfeasor. Moreover, to the extent Defendants may have intended to assert that the insurance policy requires Alea to assume their defense, merely serving a copy of Plaintiff's Amended Complaint is plainly insufficient to plead such a coverage claim.[1]

### **Argument**

Review of Plaintiff's Amended Complaint reveals no reference to Alea whatsoever nor any allegation that could possibly be construed as notice of, or intent to assert, any claim against Defendants' liability insurer. *See* Exhibit A hereto, Plaintiff's Amended Complaint. *A fortiori,* Plaintiff has not stated a claim against Alea upon which relief may be granted. The Amended Complaint, therefore, must be dismissed as to Alea pursuant to Fed. R. Civ. P. 12 (b) (6).

Even if the Amended Complaint did purport to assert a claim for relief against Alea, it would have to be dismissed because the District of Columbia has not enacted a "direct action" statute that would permit the claim to proceed prior to Plaintiff obtaining and being unable to

---

[1] Alea will respond to any such coverage allegations if and when they are properly plead by Defendants. We are compelled to note, however, that Defendants have misstated their prior dealings with Alea. Defendant's Memorandum of Points and Authorities in Support of Motion to Add Necessary Defendant, which was presented as a consent motion and first served on Alea a month after it was granted, incorrectly asserts that Alea has refused to adjust their coverage claim and "has not made any determination on liability in this case leaving the defendant no choice but to bring the insurer in as a party defendant." *See* Mem., ¶¶4-5. Contrary to these representations, there was an extensive investigation of the coverage claim by an independent adjuster followed by a separate coverage review by undersigned counsel. Our disclaimer of coverage, by Certified Mail letter dated Janaury _, 2007, explained that the damages arising from Defendants' excavation work are expressly excluded under the insurance policy's "Earth Movement" exclusion, which encompasses "any work or operations" that "contributed to or aggravated" the alleged damage. (Plaintiff's Amended Complaint avers that the alleged damage occurred as result of Defendants' "excavation work." *See* Amended Complaint, ¶¶ 9-11.) Defendants *and their counsel in this case* returned Certified Mail receipts acknowledging our letter.

execute on a judgment against Defendants. *See, e.g., A.S. Johnson Co. v. Masonry Co.,* 693 A.2d 1117, 1118 (D.C. 1997), *quoting Gorman v. St. Paul Fire & Marine Ins. Co.,* 210 MD. 1, 121 A.2d 812 (Md. 1956) ("liability policies are only required to afford a direct action by an injured party against an insurer after a judgment has been obtained against the assured, which is unsatisfied after execution"). This Circuit has likewise recognized this basic rule of law. *See Queen v. Bullock,* 956 F.2d 1241 (D.C. Cir, 1992) (applying Maryland law).[2]

Nor does federal procedure create a right of direct action where it none otherwise exists. The 1964 amendment to the federal diversity statute does provide that a "in any direct action against the insurer of a policy or contract of liability insurance…to which the unsured is not joined as a party-defendant, suc insurer shall be deemed a citizen of the State of which the insured is a citizen…," *see* 28 U.S.C. § 1332 (c) (1), but a state direct action statute must still exist as a prerequisite to authorize joinder. As a leading commentator has explained, Section 1332 (c)(1) "[t]his amendment was a direct response to a situation that had arisen in the Louisiana courts. That state has a direct-action statute permitting an injured party to bring a tort action directly against an insurer without joining the alleged tortfeasor." C. Wright, A. Milller, E. Cooper, 13B Federal Practice & Procedure Jurisdiction 2d §3629 (2006 update). Moreover, the 1964 amendment does not apply to a case in which the plaintiff sues its own insurance

---

[2] Though unclear whether Defendant would concede the applicability of Disrtict law, the only other conceivable governing law is Maryland given the parties' contacts, and Maryland law is in accord on direct actions. *See. e.g. Gorman v. St. Paul Fire & Marine Ins. Co., supra.* Moreover, consistent with this almost universal rule of law, the Alea policy covering Defendant Tim & Flo Realty contains a standard "no action" clause in the Commercial General Liability coverage part which provides that "[n]o person or organization has a right under this Coverage Part [t]o join us as a party or otherwise bring us into a 'suit' asking for damages from the insured …. A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured after an actual trial…." Although the undersigned represents the foregoing to be a true and correct quotation from the policy, we bring this to the Court's attention only as background and are not relying upon the policy language, at present, because we do not intend to convert this Motion to Dismiss into a Motion for Summary Judgment.

3

company for failure to provide liability coverage.  *See, e.g., Fiorentino v. Traveler's Ins. Co.,* 448 F. Supp. 1364 (D.C. Pa. 1978).[3]

Accordingly, Plaintiffs' Amended Complaint must be dismissed as to Alea.  The dismissal should be without prejudice to preserve Plaintiffs' ability to assert a claim against Alea if and when it obtains, but is unable to execute upon, a judgment against Defendants.  In the meantime, if Defendants wish to assert coverage claims against Alea, they should be required to do so in a pleading that provides proper notice of what they are claiming and that states factual averments for which Defendants and their counsel can be held accountable.  While reserving all procedural defenses to any such third party claim, Alea is prepared to demonstrate that it duly investigated and considered the request for coverage made by Defendant and insured party Tim & Flo Realty, and that Alea's decision to disclaim any duty to defend or indemnify was correct and timely communicated to Defendants and their counsel.

## Conclusion

For the foregoing reasons, Third Party Defendant Alea London Limited requests the entry of an Order, in the form annexed hereto, dismissing without prejudice Plaintiffs' Amended Complaint as to Alea and not any other party.

---

[3] As the treatise notes "[t]he principal questions that have arisen under the 1964 statute concern the meaning and scope of the term 'direct action.'"  13B Federal Practice & Procedure Jurisdiction 2d §3629, *supra.*  We are aware of only one decision that has construed a suit to constitute a "direct action" within the meaning of 28 U.S.C. § 1332 (c)(1) despite the absence of a state direct action statute. That decision, *O.M. Greene Livestock Co. v. Azalea Meats, Inc.,* 516 F.2d 509 (5th Cir. 1975), turned on the Court's desire to prevent the palintiff from manufacturing diversity jurisdiction.  *Azalea Meats* involved a plaintiff that voluntarily dismissed the tortfeasor while seeking to sue the tortfeasor's insurer.  The court stated that the provision of Section 1332 )(c)(1) that deems the insurer to be a citizen of the state in which the insured is a citizen should be applied, and the suit dismissed, because otherwise, "the purpose of the 1964 amendment would be defeated by the simple expedient of suing a non-diverse tort-feasor, joining a diverse insurance company, and then immediately dropping the tort-feeasor out of the case."  *Azalea Meats* obviously would not assist the Defendants in this case.

4

Respectfully submitted,


 /s/ Duane K. Thompson
Duane K. Thompson
(Bar No. 376180)
BAACH ROBINSON & LEWIS PLLC
1201 F Street, NW
Suite 500
Washington, D.C. 20004
202/833-8900


DATED: February 22, 2007