**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY** | |
| Plaintiff | |
| v. | |
| **TIMOTHY OLAWUNI, et.al.** | Case NO. 1:06CV00157 |
| Defendant. | Judge Paul L. Friedman |
| **TIMOTHY OLAWUNI, et. al.** | |
| Defendant/Third Party Plaintiff | |
| v. | |
| **ALEA LONDON LIMITED** | |
| Third Party Defendant | |

**DEFENDANT TIMOTHY OLAWUNI, FLORENCE OLAJIDE**
**AND TIM & FLO REALTY/ CONSTRUCTION FIRM, LLC S' RESPONSE TO**
**DEFENDANT ALEA LONDON LIMITED'S MOTION TO DISMISS**

COMES NOW the Defendants Timothy Olawuni, Florence Olajide and Tim & Flo Realty/Construction Firm, LLC. (hereinafter Tim & Flo Realty), by and through counsel, MaryRose Ozee Nwadike, and hereby move this Honorable Court to DENY Defendant Alea London Limited's Motion to Dismiss. On January 3, 2007, this Court granted Defendant Tim & Flo Realty's Consent Motion to add Alea London Limited as a necessary party in this litigation and issued Summons to be served on Defendant Alea London Limited. On February 17, 2007, Defendant Tim and Flo Realty served the said Summons along with a copy of the Plaintiff's Amended Complaint, Defendant Tim & Flo Realty's Motion for joinder and the Order granting Motion for joinder on Defendant Alea London Limited but omitted to include a cross-claim against Alea London Limited in the process

served on the Defendant.

On February 22, 2007, Defendant Alea London Limited filed the instant motion to dismiss on the basis that Plaintiff's Amended Complaint did not state a claim against Alea London Limited and that District of Columbia Law does not provide for direct right of action against a tortfeasor's insurer by an injured party. Defendants have now filed a cross-claim against Defendant Alea London Limited claiming that Alea London Limited are necessary parties in this lawsuit and must participate in this lawsuit and indemnify Defendants Tim & Flo Realty for any liability which they may incur to Plaintiff.

Wherefore, as more fully stated in the attached memorandum of points and authorities, Defendants Timothy Olawuni, Florence Olajide and Tim & Flo Realty/Construction Firm, LLC's request pursuant to Rule 19 of the Fed. Rules of Civil Procedure that this Court enter an Order denying Defendant Alea London Limited's Motion to Dismiss Plaintiff's Complaint with respect to Defendant Alea London Limited.

Respectfully submitted,

_____/s/_____
MaryRose Ozee Nwadike, Esquire
Bar Number 455695
8701 Georgia Avenue, Suite 600
Silver Spring, MD  20910
(301) 565-2424

Counsel for Defendants Tim & Flo Realty

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on this  21st  day of  March, 2007, a true copy of the foregoing Response to Defendant Alea London Limited's Motion to Dismiss was served by mailing same, first class Mail, postage prepaid to:

>Duane K. Thompson
>BAACH ROBINSON & LEWIS, PLLC.
>1201 F Street, NW, Suite 500
>Washington, D.C. 20004

and

>Matthew F. Noone, Esquire
>COZEN O'CONNOR
>1900 Market Street
>Philadelphia, PA 19103
>
>Attorney for Plaintiff

>                    /s/                    /
>Maryrose Ozee Nwadike, Esquire

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY** | * |
| Plaintiff | * |
| v. | * |
| **TIMOTHY OLAWUNI, et.al.** | *   Case NO. 1:06CV00157 |
| | *   Judge Paul L. Friedman |
| Defendant. | * |
| **TIMOTHY OLAWUNI, et. al.** | * |
| Defendant/Third Party Plaintiff | * |
| v. | * |
| **ALEA LONDON LIMITED** | * |
| Third Party Defendant | * |

**DEFENDANT TIMOTHY OLAWUNI, FLORENCE OLAJIDE AND TIM & FLO REALTY/ CONSTRUCTION FIRM, LLC S' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO DEFENDANT ALEA LONDON LIMITED'S MOTION TO DISMISS**

NOW COMES Defendants Timothy Olawuni, Florence Olajide and Tim & Flo Realty/Construction Firm, LLC. (hereinafter Tim & Flo Realty), by and through counsel, MaryRose Ozee Nwadike, and files this response to Defendant Alea London Limited's Motion to Dismiss.

Defendant Alea London Limited has filed a motion seeking to dismiss plaintiff's first amended complaint with respect to Alea London Limited on the grounds that: (1) Plaintiff's Amended Complaint does not state a claim against Alea London Limited ; and (2) an injured party does not have a direct right of action against the tort-feasor's insurer under District of Columbia law. For the following reasons, Defendant's Motion to Dismiss must be denied.

A.    <u>Background</u>.

This matter is before the Court on Plaintiff Federal Insurance Company's complaint for negligence and nuisance filed against Defendants Timothy Olawuni, Florence Olajide, Tim & Flo Realty/Construction Firm, LLC, and Pedro L. Rodriguez on January 30, 2006. The complaint alleges that on August 9, 2005, these defendants were preforming excavation work at the property located at 1427 5th Street, NW, Washington, D.C., when the common wall joining the property at 1429 5th Street, belonging to the Plaintiff's insured and the property at 1427 5th Street, belonging to the Defendants or their principal collapsed causing damages to the real and personal property of the Plaintiff's insured. Defendants have denied the Plaintiff's Allegation.

At the time of the alleged incident, Defendants Tim & Flo Realty purchased and maintained a commercial general liability insurance policy with Alea London Limited by which it agreed with Defendants Tim & Flo Realty to indemnifying them in the event that they are found to be liable for damages to third parties such as the plaintiff herein.  Soon after the incident, Defendants Tim & Flo Realty contacted Alea London Limited, through its adjusters, JOHN EASTERN COMPANY, INC., and requested that they adjust the claim for damages or participate and defend this lawsuit for and on their behalf but Alea London Limited refused to do so.

Trusting that they are entitled to an adjustment of loss and possible indemnification of Plaintiff's damages by Alea London Limited pursuant to the said insurance contract, Defendants Tim and Flo filed the motion to add Defendant Alea London Limited as a necessary party. Defendants Tim & Flo Realty believe that this matter cannot be litigated fully without the insurer being joined as a party defendant in this lawsuit.

This Court granted that Motion on February 3, 2007 and issued Summons to be served on Defendant

Alea London Limited. Defendant's inadvertently served the Summons on Defendant Alea London without a cross- claim impleading Defendant Alea London and alleging causes and claims against it. Defendant Alea now moves this Honorable Court to dismiss the third party defendant under Rules 12 and 14 of Fed. Rules of Civil Procedure. Defendants' verified cross complaint against third party defendant Alea London Limited is herewith attached.

B.   The Applicable Legal Standard.

In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief(.)" Fed R. Civ. P. 8(a). When applying Rule 12(b)(6) to a motion to dismiss, a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which should entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A partial dismissal of plaintiff's complaint under Fed. Rule Civ. P. 12(b)(6), as defendant has requested, is only appropriate if "after construing the complaint liberally" in his favor and granting him the "benefit of all reasonable inferences to be derived from the facts alleged, he could prove no set of facts in support of his claim that would entitle him to relief." Henthorn v. Department of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994).

## Argument

**C.   Defendant Tim & Flo Realty Failure to Attach a Cross-claim Impeading Third Party Defendant Alea London Limited as a Necessary Party Is Not Enough to Dismiss Alea London as a Party.**

Defendant Alea London Limited asks this Court to dismiss it as a party in this lawsuit pursuant to Rules 12 and 14 of the Federal Rules of Civil Procedure, on the grounds that the

complaint does not state any against it and under D.C. Law, an injured party does not have a direct right of action against the tortfeasor's insurer. To support its assertion Alea London Limited cites A.S. Johnson Co. V. Masonry Co., 693 A.2d 1117, 1118 (D.C. 1997), ruling that "liability policies are only required to afford a direct action by an injured party against and insurer after a judgment has been obtained against the insured, which is unsatisfied after execution." Id. Defendant's argument must be rejected.

Under Rule 14(a) of the Federal Rule of Civil Procedure, "[at] any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Thus, a defendant may implead a third party so long as the third party's liability is derivative of the original claim and the original defendant is trying to pass on all or part of the liability onto the third party. Where the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer, he need not obtain leave to make the service on the third party defendant. But where as here, the third party plaintiff fails to file the complaint within 10 days of serving his answers to the original complaint, the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

On December 29, 2006, Defendants Tim and Flo Realty filed a consent motion to add Defendant Alea London Limited as a necessary party in this lawsuit. This Court granted the motion for joinder on January 3, 2007 and issued Summons to be served on Defendant Alea London. Rather than serving the Summons with a cross-claim against Alea London, Defendants Tim and Flo Realty inadvertently served the Summons with a copy of the body of their motion for joinder, and this

court's Order granting the said motion on Defendant Alea London Limited.

In its defense, third-party defendant Alea London Limited filed the instant motion to dismiss pursuant to Rule 12(b)(6), while carefully overlooking the body of the motion for joinder wherein Defendants Tim and Flo Realty have alleged a contractual indemnification that would make both parties to share liability in this matter. Yet it argues that even if the Amended Complaint did purport to assert a relief against Alea, it would have to be dismissed because the "District of Columbia has not enacted a direct action statute" (Motion to Dismiss at page 2).

Defendant Tim & Flo Realty's inadvertent inclusion of the body of its motion for joinder rather than a cross claim in the pleading documents served on Alea London Limited proved adequate notice to the third party defendant of a viable claim against it under applicable law, and so the third party defendant's motion to dismiss must fail. Because the Federal Rules embody the concept of liberalized "notice pleading," a complaint need only state a short and plain statement of the claim calculated to give the defendant fair notice of what the plaintiffs' claim is and the grounds upon which it is made. See Natl Org. of Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 804 (1994). Similarly, in Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002), the court held that a complaint is not subject to dismissal for failure to state a claim merely because it fails to plead facts establishing a prima facie case." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974).

In the present case, the Defendants Tim and Flo Realty served the third party defendant with a Summons along with the body of their motion for joinder and this Court's Order granting the said motion. Assuming *arguendo* that this did not provide adequate notice of their claim for contractual indemnity, a cross claim is now attached to this response to the defendant's motion to dismiss in

satisfaction of any omitted requirements of the rules of this court.  Consequently, third party Alea London Limited's motion to dismiss should be denied

## Conclusion

WHEREFORE, Defendants Tim & Flo Realty respectfully requests that this Honorable Court enter an Order denying Defendant's Motion to Dismiss.

                                                    Respectfully submitted,

                                                    _____/s/_____
                                                    MaryRose Ozee Nwadike, Esquire
                                                    8701 Georgia Avenue, Suite 600
                                                    Silver Spring, MD 20910
                                                    (301) 565-2424

                                                    Attorney for Defendant Tim & Flo Realty