# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

Federal Insurance Company as subrogee of Denise Washington
    Plaintiff(s)

                                           Case Number: 1:06 CV 00157
                                               Judge Paul L. Friedman

vs.

Timothy Olawuni, et al
    Defendant(s)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR A **SECOND** REQUEST TO FILE AN **UNTIMELY** EXPERT REPORT

The plaintiff is in receipt of defendant Olawuni's request for yet another extension to file an expert report in this case. Not only that, the defendant's request indicates that it has yet again changed experts. Defendant Olawuni and his attorney has clearly not taken seriously their responsibilities to comply with discovery deadlines in this case and they should be not permitted to file an expert report in this case.

During discovery, the plaintiff issued a subpoena to Archie Wainwright for his deposition. Ms. Nwadike, defense counsel, objected to the request, saying that Mr. Wainwright was her expert in this case. Mr. Wainwright had been involved in the preliminary phases of the construction project that resulted in the collapse of the common wall that gave rise to this lawsuit. Plaintiff's counsel, Mr. Noone, said that he was entitled to take Mr. Wainwright as a fact witness and he would limit his questioning accordingly. Ms. Nwadike relented and Mr. Noone deposed Mr. Wainwright as a fact witness.

Pursuant to the scheduling order, the defendant was required to produce its Rule 26 expert reports on May 2nd. In a letter dated May 3rd, the defendant identified Peter Okafor, not

Mr. Wainwright, as its expert. The defendant did not produce the required expert report setting

forth Mr. Okafor's opinions, but instead simply stated that that the defendant would

"supplement" the expert's opinions prior to the status conference scheduled for June 29th.

Plaintiff's counsel immediately sent defense counsel a letter demanding that the defense

produce the required expert report. The plaintiff also enclosed a deposition notice for Mr.

Okafor for May 28th. Ms. Nwadike never responded to this letter, either by a phone call, a letter

or e-mail. More importantly, the defendant never produced Mr. Okafor's report.

Ms. Nwadike was out of the country on June 29th, so she had a different attorney, John

Iweanoye, represent the defendant at the June 29th status conference. Plaintiff's counsel

indicated that it intended to file a motion to preclude the defendant's expert for failing to produce

an expert report. Mr. Okafor said that Ms. Nwadike told him that sometime during the course of

fact discovery Mr. Wainwright changed his mind and decided that he had a conflict in serving as

an expert in this case. Plaintiff's counsel pointed out that this excuse did not explain why the

defendant had not produced a report for Mr. Okafor, who was identified as an expert on May 3rd.

The Court correctly decided that this issue could not be resolved without Ms. Nwadike being

present to explain what was going on with her expert. Therefore, the Court rescheduled the

status conference for July 9th when Ms. Nwadike could personally attend.

On or about July 3rd, Ms. Nwadike served discovery answers upon Third-Party Defendant

Alea. In these discovery answers, she identified *ARCHIE WAINWRIGHT* as her expert. At the

July 9th status conference, she again stated that Archie Wainwright would be her expert. She

asked the court for a week's time for Mr. Wainwright to serve his report. Plaintiff's counsel

objected saying that the report should be precluded as it was more than sixty days overdue. This

Court stated clearly that Plaintiff's counsel could very well be right and the report would not be

admissible at trial due to its untimely disclosure. The court gave the plaintiff the option of filing

a motion to preclude the defendant from filing an expert report, or filing a motion to preclude the expert at trial for untimely disclosure. The Court made clear that it was not ruling upon the admissibility of the expert testimony. Rather, it was simply letting the defendant file an untimely report. With this understanding in mind, the plaintiff withdrew its objection to the defendant's filing of the untimely expert report. The Court then said that the defendant had to file *Mr. Wainwright's* report by July 18th.

On or about July 18th, the defendant filed a motion indicating that Mr. Wainwright is "not available" to testify as an expert for the defendant in this matter. The defendant now identifies a third expert and asks for an additional fourteen days for this new expert to prepare his report.

## ARGUMENT

The defendant has clearly not taken its expert disclosure requirements seriously. The defendant's expert report was due on May 2nd. No report has yet to be produced. More puzzling is the fact that the defendant has named three different experts as its testifying expert in this case—Mr. Okafor, Mr. Wainwright and, now, Mr. Pollard, since the May 2nd deadline for producing its expert report.

More troubling is that Ms. Nwadike told this Court at the July 9th status conference that Mr. Wainwright would be the expert, and she disclosed him as an expert in response to ALEA's discovery requests. These disclosures were made subsequent to the June 29th status conference where Mr. Iweanoye, Ms. Nwadike's stand-in, told the Court that Ms. Nwadike told him that Mr. Wainwright would not serve as an expert in this case.

The plaintiff takes exception to the defense's suggestion that because this matter has been referred to as magistrate the plaintiff will not be prejudiced in this matter. On the contrary, the plaintiff is greatly prejudiced because it still does not know what the defendant's expert's

opinions are, and it does now know what additional experts or factual investigation it will need

to rebut the defense expert's opinions. This Court has indicated that this case will be tried in the

early Fall.

Moreover, the Court should not allow the defendant to file its report because it will be

futile and a waste of economic resources that can otherwise be used to try to settle this case.

Rule 37(c) Fed. R. Civ. P. specifies that where a party fails to make the appropriate Rule 26(a)

disclosures, the evidence at issue is automatically excluded. Rule 37(c) provides as follows:

> A party that without substantial justification fails to disclose
> information required by Rule 26(a) or 26(e)(1), or to amend a prior
> response to discovery as required by Rule 26(e)(2), is not, unless
> such failure is harmless, permitted to use as evidence at trial, at a
> hearing, or on a motion any witness or information not so
> disclosed. In addition to or in lieu of this sanction, the Court, on
> motion and after affording an opportunity to be heard, may impose
> other appropriate sanctions. In addition to requiring payment of
> reasonable expenses, including attorney fees, caused by the failure,
> these sanctions may include any of the actions authorized under
> Rule 37(b)(2)(A), (B), and (C) and may include informing the jury
> of the failure to make the disclosure. F.R. Civ. P. 37(c).

The advisory committee notes accompanying the 1993 amendments to Rule 37 describe this

sanction as "self-executing" and "automatic." 146 F.R.D. at 691. The advisory committee note

regarding Rule 37(c) specifically states, "The revision provides a self-executing sanction for

failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision

(a)(2)(A).

This Court's ruling on this issue is reviewed under the abuse of discretion standard,

*Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F.3d 272 (1st Cir. 2006). *See*

*also Hammel v. Eua Galle Cheese Factory*, 407 F.3d 852 (7th Cir. 2005).

Rule 26(a)(2) mandates the disclosure of extensive information regarding any person who

may be used to present expert testimony at trial pursuant to Rules 702, 703, or 705 of the Federal

Rules of Evidence.  Subsection B of Rule 26(a)(2) contains specific and detailed requirements

regarding the scope of the information which *"shall"* be provided, including, "a written report

prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B).  The Rule also provides:

> The report shall contain a complete statement of all the opinions to be expressed
> and the basis and reasons therefor; the data or other information considered by the
> witness in forming the opinions; any exhibits to be used as a summary of or
> support for the opinions; the qualifications of the witness, including a list of all
> publications authored by the witness within the preceding ten years; the
> compensation to be paid for the study and testimony; and a listing of any other
> cases in which the witness has testified as an expert at trial or by deposition
> within the preceding four (4) years. *Id.*

Rule 37(c) acts to automatically exclude witnesses or information which should have

been disclosed pursuant to Rule 26(a).  As noted in *Nutra Sweet Co. v. X-LEngineering Co.,* 227

F. 3d 776 (7th Cir. 2006):

> If a party does not timely file his reports, the district court may
> exclude the party's expert from testifying at trial on the matters the
> party was required to disclose.  The sanction of exclusion is
> automatic and mandatory unless the party to be sanctioned can
> show that its violation of Rule 26(a) was either justified or
> harmless.

*Id.* at 785-86.

The defendant's failure to appropriately provide any expert reports, makes it impossible

for Plaintiff to prepare cross examination or rebuttal for these untimely designated expert

witnesses.  Expert disclosures are often the centerpiece of discovery.  A party that fails to

provide these disclosures unfairly inhibits its opponent's ability to prepare.  *Carr v. Deeds,* 453

F.3d 593,  604 (4th Cir. 2006).  *See also Saudi v. Northrop Grumman Corp.,* 427 F.3d 271, 278-

79 (4th Cir. 2005).  In *Saudi v. Balmet-Appleton, Inc.,* 219 F.R.D. 128 (D.C. Wis. 2003), the

Court excluded the plaintiff's experts because the defendant filed to disclose and produce their

reports, and the plaintiff met none of the scheduling deadlines in the court's scheduling order.

The sanctions provided by Rule 37(c) are self executing and automatic. Nonetheless, Plaintiff respectfully requests that this Court to deny the defendant's request to file an untimely expert report, and/or enter an order excluding any testimony from defendant's late-designated expert witnesses. In the absence of an Order on this issue, Plaintiff will have no alternative other than to immediately incur the significant expense necessary to depose the expert just identified. Allowing the recently disclosed experts would reward defendant Olawuni for flagrant violations of the applicable Federal and local rules, and would significantly prejudice Plaintiff by requiring Plaintiff to conduct expert discovery during the period in which it would otherwise be preparing for trial.

WHEREFORE, the plaintiff requests that this Court deny the defendant's request for fourteen days leave to file an expert report by Mr. Eugene Pollard.

Respectfully submitted,


/s/Matthew F. Noone
MATTHEW F. NOONE (Admitted Pro Hac Vice)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2192
(215) 701-2192  fax
mnoone@cozen.com

and

/s/Eric N. Stravitz
Eric N. Stravitz  (D.C. Bar #438093)
2000 Massachusetts Avenue
Suite 200
Washington, DC 20036
(202) 463-0303
(202) 861-8858 fax
strav@erols.com

Counsel for Plaintiff Federal Ins. Co.
a/s/o Denise Washington

6