UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY OLAWUNI, et al. )<br>)<br>Defendants. )<br>_____)<br>)<br>TIMOTHY OLAWUNI, et al. )<br>)<br>Defendants/Cross-Plaintiffs, )<br>)<br>v. )<br>)<br>ALEA LONDON LIMITED )<br>)<br>Cross-Defendant. )<br>_____) | Case No. 1:06CV00157 |

**CROSS-DEFENDANT ALEA LONDON LIMITED'S MOTION
FOR SUMMARY JUDGMENT IN RESPECT TO THE CROSS-CLAIM**

Cross-Defendant Alea London Limited ("Alea"), through counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court for the entry of summary judgment dismissing with prejudice the Cross-Claim asserted by Cross-Plaintiffs, Timothy Olawuni, Timothy Adeyemi, Florence Olajide and Tim & Flo Realty/Construction Firm (collectively "Tim & Flo Realty"). The grounds for this motion, more fully explained in the attached Memorandum of Points and Authorities, Statement of Undisputed Facts, Affidavit of Duane K. Thompson and Declaration of Gregory Kastendike, are as follows:

1. The Cross-Claim seeks indemnification and contribution against Alea for all or part of the liability established by Federal Insurance Company, the plaintiff in the underlying action, against Tim & Flo Realty. However, the damage caused to the property located at 1425 5th Street, NW Washington D.C., the subject of the underlying litigation, is expressly excluded by the insurance policy issued by Alea in favor of Tim & Flo Realty owing to the policy's Earth Movement Exclusion.

2. It is indisputable that the property damage in question was caused or contributed by earth movement within the meaning of the aforementioned policy exclusion. Substantial evidence supports this conclusion, including the recorded admission of one of the Cross-Plaintiffs, provided in the presence of his counsel in this case. There is no evidence to create a genuine issue as to the cause of the property damage.

3. Alea, through its adjuster, Johns Eastern Company, fully investigated all aspects of Tim & Flo Realty's insurance claim. After careful consideration of all of the facts discovered during the course of the investigation of Tim & Flo Realty's insurance claim, Alea determined that Tim & Flo Realty is not entitled to coverage under the policy.

Respectfully submitted,

/s/ Duane K. Thompson /s/ Elizabeth L. Marvin
Duane K. Thompson, Esq. (D.C. Bar # 376180)
Elizabeth L. Marvin, Esq. (D.C. Bar# 496571)
Baach Robinson & Lewis PLLC
1201 F Street, NW
Suite 500
Washington, DC 20004-1225
Tel: (202) 833-8900
Fax: (202) 466-5738

*Attorneys for Cross- Defendant Alea London Ltd.*

Dated: July 23, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>TIMOTHY OLAWUNI, et al. )<br>)<br>Defendants. )<br>)<br>_____)<br>)<br>TIMOTHY OLAWUNI, et al. )<br>)<br>Defendants/Cross-Plaintiffs, )<br>)<br>v. )<br>)<br>ALEA LONDON LIMITED )<br>)<br>Cross-Defendant. )<br>)<br>_____) | Case No. 1:06CV00157 |

CROSS-DEFENDANT ALEA LONDON LIMITED'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT IN RESPECT TO THE CROSS-CLAIM

Pursuant to Fed. R. Civ. P. 56, Cross-Defendant Alea London Limited ("Alea") by and through undersigned counsel submits this memorandum in support of its Motion for Summary Judgment dismissing the Cross-Claim of Defendants/Cross-Plaintiffs Timothy Olawuni, Timothy Adeyemi, Florence Olajide and Tim & Flo Realty/Construction Firm (collectively "Tim & Flo Realty").

## **PRELIMINARY STATEMENT**

This motion pertains to a Cross-Claim that seeks contribution and indemnification for any damages owed to the Plaintiff, Federal Insurance Company ("FIC"), arising from Defendants/Cross-Plaintiffs' apparent negligence in the course of their renovation of the residential property located at 1427 5th Street, NW ("1427"). According to the Amended Complaint filed by FIC, on August 9, 2005 one of Tim & Flo Realty's subcontractor's was "excavating" below the ground level of 1427 when a party wall collapsed and caused substantial structural damage to the neighboring property located at 1425 5th Street, NW ("1425"). See, First Amended Complaint, *Federal Insurance Co. v. Timothy Olawuni, et. al.*, Case No. 1:06CV00157 ("Amended Complaint") at ¶¶ 9-11. 1425 is owned by Ms. Denise Washington.[1] FIC, as subrogee to Ms. Washington, is suing Tim & Flo Realty for damages.

The Cross-Claim alleges that Alea is required to defend and/or indemnify Tim & Flo Realty for the losses attributable to the August 9, 2005 incident pursuant to the terms and conditions of Alea Policy Number ALT 003493 (the "Policy"). The Policy, however, contains an "Earth Movement" exclusion that bars coverage for damage from earth movement whether "caused by natural forces or contributed to, in any way" by the excavation work of Tim & Flo Realty's subcontractor. See, Exh.1. It is incontrovertible that the property damage in question was "caused by" or at a minimum "contributed to" by earth movement. Defendant/Cross-Plaintiff Timothy Olawuni (co-owner of Tim & Flo Realty) has admitted in a recorded statement that Tim & Flo Realty's subcontractor caused the damage by digging below the surface of 1427.

---

[1] FIC's Amended Complaint erroneously states that the excavation work caused damage to 1429 5th Street, N.W. Tim & Flo Realty's Cross-Complaint, presumably relying on the Amended Complaint, also erroneously states that the damage occurred to 1429 5th Street, N.W. However, Mr. Noone corrected the error in open court on July 9, 2007. It is undisputed that Ms. Denise Washington is the owner of 1425 5th Street, N.W. and the damage in question relates only to that property.

Even if a genuine dispute existed as to whether a pre-existing condition was the proximate cause of the earth movement as opposed to the subcontractor's excavation work, there can be no genuine dispute that earth movement caused the property damage. Accordingly, as there are no material facts in dispute and the Policy clearly and expressly excludes the damage in question, Alea is entitled to judgment as a matter of law.

## PROCEDURAL BACKGROUND

Federal Insurance Company instituted the underlying litigation against Tim & Flo Realty on January 30, 2006. An Amended Complaint was filed on December 27, 2006 and on December 29, 2006, Tim & Flo Realty filed a motion to join Alea as a necessary party. (Alea was not aware of this motion) The Court granted Tim & Flo Realty's unopposed motion on January 3, 2007. Tim & Flo Realty subsequently served Alea with a Summons, but attached a copy of Federal Insurance Company's original complaint, rather than a Cross-Complaint.[2]

On March 22, 2007, Tim & Flo Realty served Alea with a Cross-Claim seeking indemnification and contribution in the event that Tim & Flo Realty is found liable for negligence and/or nuisance in the underlying case. Alea answered the Cross-Claim on April 10, 2007. The Court granted Alea's unopposed motion for limited discovery in respect to the Cross-Claim on May 30, 2007. That same Order set forth the scheduling guidelines for the Cross-Claim. Pursuant to the May 30, 2007 Order, the parties to the Cross-Claim were required to file their dispositive motions by July 2, 2007. On June 29, 2007, the Court held a Status Conference at which Tim & Flo Realty's counsel failed to appear. Owing to Tim & Flo Realty's discovery deficiencies with respect to the Cross-Claim, as well as certain outstanding discovery issues in

---

[2] On February 22, 2007, Alea filed a Motion to Dismiss on the grounds that: (1) Federal Insurance Company's Amended Complaint did not purport to state any claims against Alea; and (2) an allegedly injured party does not have a direct right of action against the tortfeasor's insurer under District of Columbia law. The Court denied the motion on May 10, 2007, apparently based on mootness given that Tim & Flo Realty served a Cross-Claim after the motion was filed.

the underlying litigation, the Court set another Status Conference for July 9, 2007 and suspended the scheduling deadlines governing the Cross-Claim.

On July 5, 2007, the Cross-Plaintiffs finally submitted their Initial Disclosure Statement and overdue responses to Alea's limited discovery requests.[3] At the July 9, 2007 Status Conference, the Court established July 23, 2007 as the deadline for dispositive motions in the Cross-Claim litigation.

## STATEMENT OF FACTS

Alea issued a policy of insurance for commercial liability coverage to Cross-Plaintiff Tim & Flo Realty/Construction Firm for the period of August 23, 2004-August 23, 2005 with a per occurrence commercial general liability limit of $1,000,000 for Property Damage subject to a $2 million aggregate limit. See, Exh. 1. The Policy contains an Earth Movement Exclusion set forth on Form EZ-EXCL-01. In relevant part, this exclusion provides:

### Exclusion – Earth Movement

> This insurance does not apply to "property damage" … attributable or contributed to or aggravated by the movement of land whether caused by or resulting from natural forces or contributed to, in any way, by any work or operations performed by [Tim & Flo Realty/Construction Firm] or any contractor or subcontractor.
>
> "Movement of land" includes but is not limited to any movement of earth or land, whether at the surface or below the surface and includes any movement of earth to a higher or lower level, landslide, mud flow, mud slide, shearing, rising, settling or shrinking. See, Exh.1 at 18.

Tim & Flo Realty is engaged in the business of redeveloping residential property in the District of Columbia. See, Amended Complaint at ¶ 6. Tim & Flo Realty is owned by Cross-Plaintiffs Timothy Olawuni and Florence Olajide. Id. at ¶¶ 4-5. Tim & Flo Realty initially submitted its claim to Alea because of an incident which occurred on August 9, 2005 at 1427, a

---

[3] We note that Cross-Plaintiffs' Interrogatories were not signed by the party answering them as required by Fed. R. Civ. P. 33 (a)(2) and, in some instances, Cross-Plaintiffs' answers were incomplete.

property that Tim & Flo Realty was redeveloping on behalf of Timothy Adeyemi.[4]  See, Exh. 2, att. A.  The August 9, 2005 incident occurred as a result of one of Tim & Flo Realty's subcontractor's excavation work below the ground level of 1427 which resulted in a collapse of the party wall between 1427 and 1425, causing substantial damage to 1425.  See, Amended Complaint at ¶¶ 9-11; Exh. 2, att. A; Exh. 3.  Several lawsuits were subsequently filed by or on behalf of the owners and residents of 1425.[5]

On August 9, 2005, Alea requested Mr. Gregory Kastendike of Johns Eastern Company to conduct a full investigation of Tim & Flo Realty's claim.  See, Exh. 4.  During the course of Mr. Kastendike's investigation, Cross-Plaintiff Timothy Olawuni was interviewed with respect to Tim & Flo Realty's construction work at 1427.  See, Exh. 2, att. A; Exh. 5.  According to Mr. Olawuni's statement, Tim & Flo Realty was hired to gut and renovate the existing residence at 1427, and the work included digging and installing a basement.  In order to determine whether the existing structure could accommodate a new basement, Tim & Flo Realty's subcontractor was to remove soil in front of the wall and then inspect the party wall's condition.  The August 9, 2005 incident took place when the subcontractor excavated to a depth of about five feet, a length of about 6-12 feet and a width of about 2-4 feet.  This excavation caused a collapse or partial collapse of both the common wall and the upper stories of 1425.  See, Exh. 2, att. A

Notably, a structural engineering report prepared by Mehta Consultants and provided to Mr. Kastendike by MaryRose Ozee Nwadike, Esq., counsel for Tim & Flo Realty, concluded

---

[4] It is unclear whether Timothy Adeyemi is the same person as Timothy Olawuni. The distinction, if any, is irrelevant to Alea's coverage determination as the insured is Tim & Flo Realty/Construction Firm.

[5] Initially, there were three separate lawsuits against Cross-Plaintiffs relating to the collapse of the party walls adjoining 1427 with neighboring properties. In addition to the underlying litigation the following cases were filed in the District of Columbia Superior Court: *Denise Washington v. Timothy Adeyemi a/k/a Timothy Olawuni*, Civil Action No. 05-0008275, Superior Court of the District of Columbia; *Kim F. Hassan v. Timothy Adeyemi a/k/a Timothy Olawuni, et al.*, Civil Action No. 05-0008904, Superior Court of the District of Columbia.

that the excavation work caused a "shear failure of soils" which resulted in the damage to 1425. See, Exh. 3.

Upon conclusion of Mr. Kastendike's investigation, the undersigned, counsel for Alea, conducted his own coverage analysis and on January 4, 2007 sent a notice of denial via certified mail, return receipt requested to Tim & Flo Realty and their counsel MaryRose Ozee Nwadike. See, Exh. 4, att. A. The return receipts for the January 4, 2007 correspondence indicate that Ms. Nwadike and Ms. Olajide received the letter on January 11, 2007 and January 5, 2007 respectively. Exh. 4, att. B. Mr. Olawuni and Tim & Flo Realty/Construction Firm received the letter on April 11, 2007. Id. The January 4, 2007 correspondence explained in detail the reasoning for Alea's denial of coverage, specifically referencing the allegations in the three pending lawsuits and the Policy's Earth Movement Exclusion. See, Exh. 4, att. A.[6]

## STANDARD OF REVIEW

"Summary Judgment is not a 'disfavored legal shortcut [;]' rather it is a reasoned and careful way to resolve cases fairly and expeditiously." *Coleman v. Potomac Electric Power Company*, 281 F.Supp2d 250, 253 (D.D.C. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 202 (1986)). Under Federal Rule of Civil Procedure 56(c), a Court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits ... show that the moving party is entitled to judgment as a matter of law." *Public Citizen Health Research Group v. National Institutes of Health*, 209 F.Supp.2d 37, 42 (D.D.C. 2002). Moreover, the mere existence of a factual dispute

---

[6] In their Cross-Complaint Tim & Flo Realty falsely claimed never to have received a coverage determination and that Alea made no investigation. However, in Cross-Plaintiffs' responses to Alea's Interrogatories and Requests for Admission, Tim & Flo Realty was forced to admit that Alea's independent claims adjuster did conduct an investigation of the claim. Tim & Flo Realty also admitted that its counsel received Alea's denial of coverage letter on January 7, 2007. See, Exh. 4, att. A; Exh. 5. Alea has been forced to incur substantial attorney's fees and other litigation costs based on Tim & Flo Realty's fictitious claims. While these facts are not relied upon in the present motion, Alea reserves the right to seek sanctions or other appropriate relief at a later time.

does not preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The court must determine whether the evidence presents a sufficient disagreement to require submission to [the fact finder] or whether it is so one-sided that one party must prevail as a matter of law." *Diamond Chemical Company, Inc. v. Atofina Chemicals, Inc.*, 268 F.Supp.2d 1, 17 (D.D.C. 2003) (quoting *Anderson v. Libberty Lobby, Inc.*, 477 U.S. 251, 106 S. Ct. 2505). In the instant action, the evidence clearly supports a finding of summary judgment on behalf of Alea.

## ARGUMENT

It is settled that an insured's breach of contract claim against its insurer "fails if coverage for the underlying claim does not exist." *See, American Nat'l Red Cross v. Travelers Indem. Co.*, 896 F. Supp. 8, 11 (D.D.C. 1995). Tim & Flo Realty's claim for breach of contract must fail because the undisputed facts show that after a full investigation of Tim & Flo Realty's claim, Alea properly determined that the damage to 1425 was excluded under the Policy's Earth Movement Exclusion. Tim & Flo Realty has not (and cannot) offer any evidence to raise a genuine issue as to any alternative causation. Even if there is a genuine dispute as to negligence or the proximate cause of the earth movement, there is no genuine dispute that earth movement caused the property damage in question. Accordingly, the Policy's broad and express Earth Movement Exclusion clearly bars coverage for the damage, and Alea is entitled to judgment as a matter of law.

### I. THE POLICY EXPRESSLY AND UNAMBIGUOUSLY EXCLUDES COVERAGE FOR DAMAGE CAUSED BY EARTH MOVEMENT

As an initial matter, it is settled that when interpreting an insurance policy the court must give the words their common, ordinary, "and it has been said their 'popular' meaning."

-7-

*Cameron, et al. v. USAA Property and Casualty Ins. Co.*, 733 A.2d 965, 970 (D.C. 1999).[7] "Where insurance contract language is not ambiguous [] a written contract duly signed and executed speaks for itself and binds the parties without the necessity of extrinsic evidence." *Id.* at 968 (citing *In re Corriea,* 719 A.2d 1234, 1239 (D.C. 1998)). An insurance policy should not be deemed ambiguous simply "because the parties do not agree on the interpretation of the contract provision in question." *Id.* (citing *Byrd v. Allstate Ins. Co.*, 622 A.2d 691 (D.C. 1993); *Corriea, supra,* 719 A.2d at 1239). Clear and unambiguous terms of an insurance policy "will be enforced by the courts as written, so long as they do not violate a statute or public policy." *Cameron, supra,* 733 A.2d at 968-69. Moreover, there are no statutes under District of Columbia law which prohibit earth movement exclusions in insurance contracts, nor does the public policy of the District of Columbia preclude such exclusions. *See, Chase v. State Farm Fire and Cas. Co.*, 780 A.2d 1123, 1132 (D.C. 2001). Under this standard, Alea is entitled to judgment in their favor as the damage to 1425 is expressly excluded by the Policy's Earth Movement Exclusion.

The unambiguous terms of the Earth Movement Exclusion undeniably exclude the damage to 1425. Under the Earth Movement Exclusion, Alea is not required to pay for property damage "attributable or contributed to or aggravated by the movement of land whether caused by or resulting from natural forces or contributed to, in any way, by any work or operations performed by [Tim & Flo Realty/Construction Firm] or any contractor or subcontractor." See, Exh. 1 at EZ-EXCL-01 (EXCLUSION-Earth Movement). Movement of land is defined as "any movement of earth or land, whether at the surface or below the surface and includes any movement of earth to a higher or lower level, landslide, mud flow, mud slide, shearing, rising,

---

[7] Under the law of the District of Columbia, insurance policies "are governed by the substantive law of the state in which the policy is delivered." *American Registry of Pathology,* 461 F. Supp.2d at 65 (citing *Liberty Mut. Ins. Co. v. Travelers Idem. Co.*, 78 F.3d 639, 642 (D.C. Cir. 1996)). The Policy's "Declarations Page" indicates that the Policy was issued to Tim & Flo Realty/Construction Firm at the address 5614 5th Street, NE, Washington D.C. 20011. See, Exh. 1. Accordingly, the Policy was delivered in the District of Columbia.

settling, shifting or shrinking." Id. Courts have enforced similar earth movement exclusions with respect to damage arising from construction on residential properties. *See, Rhoden v. State Farm Fire and Cas. Co.*, 31 F.Supp.2d 907, 910-13 (S.D.Miss. 1998)(earth movement exclusion which "excludes from coverage any loss resulting from earth movement, regardless of the cause of the earth movement" not ambiguous); *State Farm Fire and Cas. Co. v. Castillo*, 829 So.2d 242, 246 (Fla. Dist. Ct. App. 2002) (same).

There is no genuine dispute as to the collapse of 1425 being caused by the excavation work performed by Tim & Flo Realty and/or their subcontractors below the surface of 1427. The Amended Complaint states that "on or around August 9, 2005," Tim & Flo Realty "their servants, employees, agents and/or subcontractors, were performing excavation work" at 1427. See, Amended Complaint at ¶ 9. The Amended Complaint further avers that the "excavation work" caused the "common wall between 1427 and 142[5] [to] collapse, causing severe damage to the real and personal property of [Denise Washington]. Id. at ¶ 10. In their Answer, Tim & Flo Realty generally denied all negligence with respect to the damage at 1425, but they have offered no evidence that the damage was caused by some other act(s), other than to vaguely state that the party wall collapsed due to "years of poor maintenance" and poor "soil integrity."[8] See, Tim & Flo Realty's Answer to Plaintiff's First Amended Complaint, ¶¶ 12-15; Exh. 5. However, during Mr. Olawuni's recorded statement, Mr. Olawuni and Tim & Flo Realty's subcontractor, Pedro Deminguez, admitted to digging and removing sections of dirt from below the ground

---

[8] In their answers to Alea's discovery, Tim & Flo Realty identified Mr. Archie Wainright as their expert witness. Tim & Flo Realty asserted that Mr. Wainwright would opine that the damage to 1425 was caused from years of negligent maintenance of the party wall and the "soil integrity" at the time of the wall collapse. On July 18, 2007, counsel for Tim & Flo Realty filed a "Statement of Defense Counsel MaryRose Ozee Nwadike Concerning Status of Defendants' Expert Witness" in which it was revealed that Mr. Wainright will no longer be testifying on behalf of Tim & Flo Realty. Cross-Plaintiffs' have instead identified Mr. Eugene Pollard, a structural engineer, as their expert witness with respect to causation. However, Cross-Plaintiffs have failed to provide an expert report or any other evidence establishing an alternative cause for the damage to 1425.

level of 1427 in order allow an engineer to inspect for the foundation prior to Tim & Flo Realty's installation of a basement on the premises.[9] See, Exh. 2, att. A. The upper levels and party wall of 1425 collapsed during the course of Mr. Deminguez's work. Id.

Moreover, counsel for Tim & Flo Realty provided Mr. Kastendike and Alea with a structural investigation report prepared by Mehta Consultants which concluded that the reasons for the wall collapse between 1425 and 1427 were as follows:

> The contractors removed soils of about 5'-0" depth below the existing wall, and in front of the wall for about 12'-0" length.... Because of an excavation below the bottom of the wall, it created the following scenario, which led to the collapse of the wall.

See, Exh. 3.

The report explains further that the "shear failure of soil due to excavation below the wall" was the cause of the damage to 1425. Id.

There can be no question regarding the application of the Policy's Earth Movement Exclusion to the damage caused to Ms. Washington's property. Tim & Flo Realty admits that it was hired to conduct construction work on 1427 and that its subcontractor excavated below the ground level of 1427. An independent structural investigation concluded that Tim & Flo Realty's subcontractor's excavation work resulted in a "shear failure of soils" that led to the collapse of 1425's wall. Damage caused by the digging and removal of soil by a subcontractor is expressly excluded by the Policy's Earth Movement Exclusion. Therefore, Alea properly denied coverage and is entitled to judgment as a matter of law on all counts of Tim & Flo Realty's Cross-Claim.

Finally, as noted, even if there were a genuine dispute as to whether the excavation work performed by Tim & Flo Realty's subcontractor was the cause of the earth movement, the Earth

---

[9] During the recorded statement, Tim & Flo Realty's subcontractor identified himself as Pedro Dominguez. During discovery it was revealed that the subcontractor's legal name is Medrano Pedro Deminguez.

-10-

Movement Exclusion would still apply because there can be no genuine dispute that earth movement, however caused, was itself the proximate cause of the damage to 1425.

## II. ALEA FULLY INVESTIGATED CROSS-PLAINTIFFS' CLAIM WITH RESPECT TO THE DAMAGE TO 1425 5TH STREET, NW, WASHINGTON D.C.

Tim & Flo Realty's Cross-Claim seeks contribution and indemnification owing to Alea's purported refusal to "adjust, defend or participate in this lawsuit voluntarily in breach of the [insurance policy]." See, Cross-Complaint at ¶ 6. However, Alea, through its duly authorized agents and representatives, fully investigated Tim & Flo Realty's claim, and after comparing the facts alleged in the litigation pending against Tim & Flo Realty with the terms of the Policy, concluded that it was constrained to deny coverage for defense or indemnification owing to the express and unambiguous terms of the Earth Movement Exclusion contained in the policy. See, Exh. 4. Moreover, Cross-Plaintiff Timothy Olawuni, as well as, Cross-Plaintiffs' counsel, MaryRose Ozee Nwadike, participated in the investigation. See, Exh. 5; Exh.2, att. A .

Alea's duties with respect to the investigation , defense and/or indemnification of a claim are expressly stated in the Policy's Insuring Agreement, which states in relevant part:

> [Alea] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies ... **However, [Alea] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.**

See Exh. 1, Commercial General Liability Form (CG 00 01 01 96).

It is uncontraverted that Alea satisfied its obligations. Through its adjusters, Johns Eastern Company, Alea conducted a thorough and lengthy investigation of Tim & Flo Realty's claim. The investigation included but was not limited to several inspections of 1425 and 1427, an interview of Mr. Olawuni and review of the structural engineering report prepared by Mehta

Consultants. *See*, Exh. 2, att. A; Exh. 5; Exh. 3. After fully investigating Tim & Flo Realty's claim, Mr. Kastendike determined that the Policy did not provide coverage for the damage to 1425 in view of the Policy's Earth Movement Exclusion. The undersigned reviewed Mr. Kastendike's findings and on January 4, 2007, issued a notice of denial, a copy of which was received by counsel for Tim & Flo Realty on or about January 7, 2007. *See*, Exh. 5; Exh. 4.

While the duty to defend is broad, it is not absolute. An insurer is not required to defend a suit containing allegations that are not covered by the policy. *See, Stevens v. United General Title Ins. Co.*, 801 A.2d 61 (D.C. 2002); *American Registry of Pathology v. Ohio Casualty Ins. Co.*, 461 F. Supp.2d 61 (D.D.C. 2006). Tim & Flo Realty and/or their counsel's disagreement with Alea's ultimate coverage determination does not negate the fact that Alea did, in fact, investigate Tim & Flo Realty's claim. The investigation revealed that the damage to 1425 was excluded under the Policy and, therefore, Alea was constrained to disclaim its duty to defend and/or indemnify Tim & Flo Realty.

## CONCLUSION

For the foregoing reasons, Alea respectfully requests that their Motion for Summary Judgment In Respect To The Cross-Claim be granted and judgment be entered in favor of Alea against Cross-Plaintiffs.

Respectfully submitted,

/s/ Duane K. Thompson /s/ Elizabeth L. Marvin
Duane K. Thompson, Esq. (D.C. Bar # 376180)
Elizabeth L. Marvin, Esq. (D.C. Bar # 496571)
Baach Robinson & Lewis PLLC
1201 F Street, NW
Suite 500
Washington, DC 20004-1225
Tel: (202) 833-8900
Fax: (202) 466-5738

*Attorneys for Cross- Defendant Alea London Ltd.*

Dated: July 23, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY )<br><br>Plaintiff, )<br><br>v. )<br><br>TIMOTHY OLAWUNI, et al. )<br><br>Defendants. )<br>_____ )<br><br>TIMOTHY OLAWUNI, et al. )<br><br>Defendants/Cross-Plaintiffs, )<br><br>v. )<br><br>ALEA LONDON LIMITED )<br><br>Cross-Defendant. )<br>_____ ) | Case No. 1:06CV00157 |

## CROSS-DEFENDANT ALEA LONDON LIMITED'S
## STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Rule LCvR 7(h), and in support of its Motion for Summary Judgment In Respect To The Cross-Claim submitted herewith, Cross-Defendant Alea London Limited submits the following statement of facts that are not in dispute in this matter.

1.  Tim & Flo Realty/Construction Firm's ("Tim & Flo Realty") claim for insurance coverage is made under Alea London Limited ("Alea") Policy number ALT003493 ("Policy"), which contains the following Earth Movement Exclusion:

> This insurance does not apply to "property damage" ... attributable or contributed to or aggravated by the movement of land whether caused by or resulting from natural forces or contributed to, in any way, by any work or operations performed by [Tim & Flo Realty/Construction Firm LLC] or any contractor or subcontractor.
>
> "Movement of land" includes but is not limited to any movement of earth or land, whether at the surface or below the surface and includes any movement of earth to a higher or lower level, landslide, mud flow, mud slide, shearing, rising, settling or shrinking. See Exh. 1, Form EZ-EXCL-01.

2.  The Policy's Earth Movement Exclusion is clear and unambiguous.

3.  The damage to 1425 5th Street, NW, Washington D.C. was "caused by" or "contributed to" by earth movement within the broad meaning of the exclusion. See Exh. 2, att. A; Exh. 3.

4.  Alea, through its duly authorized agents and representatives, fully and properly investigated the claim for coverage and informed Tim & Flo Realty and their counsel of the basis for the declination of coverage. See Exh. 4; Exh. 5.

Respectfully submitted,

/s/ Duane K. Thompson /s/ Elizabeth L. Marvin
Duane K. Thompson, Esq. (D.C. Bar # 376180)
Elizabeth L. Marvin, Esq. (D.C. Bar# 496571)
Baach Robinson & Lewis PLLC
1201 F Street, NW
Suite 500
Washington, DC 20004-1225
Tel: (202) 833-8900
Fax: (202) 466-5738

*Attorneys for Cross- Defendant Alea London Ltd.*

Dated: July 23, 2007