## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| **TIMOTHY OLAWUNI, et.al.** | * | **Case NO.  1:06CV00157** |
| | * | Judge Paul L. Friedman |
| Defendant. | * | |
| | * | |
| **TIMOTHY OLAWUNI, et. al.** | * | |
| | * | |
| Defendant/Third Party Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| **ALEA LONDON LIMITED** | * | |
| | * | |
| Third Party Defendant | * | |
| | * | |

### DEFENDANTS/CROSS-PLAINTIFFS' RESPONSE TO
### CROSS DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendants/Cross Plaintiffs Timothy Olawuni, Florence Olajide and Tim &

Flo Realty/Construction Firm, LLC., (hereinafter "Tim & Flo Realty") by and through undersigned

counsel, MaryRose Ozee Nwadike, and hereby move this Honorable Court to deny Cross/Defendant

Alea London Limited (hereinafter "Alea")'s Motion for Summary Judgment on the grounds that

there are genuine disputes of material fact and the Cross Defendant is not entitled to judgment as a

matter of law. In support thereof, Defendant/Cross-Plaintiffs state as follows:

I

1.     Plaintiff Federal Insurance Company  (hereinafter "FIC") brought the underlying

lawsuit against Defendants  Tim & Flo Realty, and Pedro L. Rodriguez on January 30, 2006 alleging

negligence and nuisance. The complaint alleges that on August 9, 2005, defendants and/or their agents were preforming excavation work at the property located at 1427 5th Street, NW, Washington, D.C., when the common wall joining that property and the property at 1425 5th Street, belonging Ms. Denise Washington collapsed. Plaintiff FIC is Ms. Washington's insurance carrier and brought the lawsuit as Subrogee.

2.      At the time of the alleged incident, Defendants Tim & Flo Realty maintained a Commercial General Liability Insurance Policy with Cross Defendant Alea which would indemnify them in the event that they are found to be liable for damages to third parties such as Ms. Washington and Plaintiff FIC. *See Defendant/Cross Plaintiff's Insurance Policy Number ALT 003493 (the "Insurance Polity") annexed herewith as Exhibit A.*

3.      The insurance policy provided coverage for liabilities that the insured is legally obligation to pay as damages because of bodily injury or property damage caused by an occurrence that takes place in the coverage territory during the policy period.

4.      The  policy also contained an exclusionary clause which purported to exclude bodily injury and property damage attributable to the "movement of land."

5.      On August 9, 2005, immediately following the occurrence, Defendants notified Alea of the occurrence pursuant to Section IV - Commercial General Liability Conditions of the Insurance Policy. Two years later, on January 4, 2007, Alea London  notified the Defendants that it would deny the Defendant's claim as not applicable to the policy due to an "Earth Movement" Exclusion clause.

6.      In the meantime, on December 29, 2006, Defendant Tim & Flo Realty filed a motion to join Alea as a necessary party in the lawsuit, maintaining that the Defendants were entitled to an adjustment and  indemnification of damages by Alea for claims by the Plaintiff as s result of the

collapsed wall. That motion was granted by this Court on January 3, 2007. On March 22, 2007, Defendants/Cross Plaintiffs filed and served a cross-claim against London Limited seeking indemnification and contribution, in the event that they are found liable to be negligent in this lawsuit.

7.    In its answer to the Cross-claim, Cross-Defendant Alea alleged that the damages caused by the collapsed wall are excluded from the policy by the Earth Movement Exclusion clause of the insurance policy.

8.    The Insurance Policy No. ALT 003493 specifically provided in Section I - Coverages under the subtitle <u>Coverages A. Bodily Injuries and Property Damage Liability</u>, that it would "pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damages to which the insurance applies." The policy also contained an Earth Movement Exclusion endorsement. Alea London has now interpreted the said endorsement in a manner that has resulted in denial of coverage. Alea's definition of Earth Movement does not apply to the collapsed wall which is the subject matter of this lawsuit.

9.    Because the occurrence of the collapsed wall occurred within the coverage territory and while the policy remained in effect, the Cross-Defendant is estopped from any attempt to deny coverage or to refuse to indemnify Tim & Flo Realty.

10.    There is a genuine and disputable question whether the Cross-Defendant may be permitted to circumvent a rule of public policy and be permitted to write exculpatory and exclusionary policy languages as they see fit, without protecting the intended interests of the parties to the policy. There is also a genuine and disputable question as to the proper interpretation of the language in the exclusion endorsement, to wit: "earth movement."

11.     In light of these reasons which are more readily submitted in the Cross-Plaintiffs'
memorandum of points and authorities, the Cross-Defendant is not entitled to judgment as a matter
of law.

WHEREFORE, Cross-Plaintiffs Timothy Olawuni, Florence Olajide and Tim & Flo
Realty/Construction Firm, LLC. request  that the court deny the Cross-Defendant Alea's motion for
summary judgment and enter judgment for the Cross-Plaintiffs' on their cross-claim.

Respectfully submitted,

/s/

_____
MaryRose Ozee Nwadike, Esquire
8701 Georgia Avenue, #600
Silver Spring, MD 20910
(301) 565-2424

4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| **TIMOTHY OLAWUNI, et. al.** | * | **Case NO.  1:06CV00157** |
| | * | Judge Paul L. Friedman |
| Defendant. | * | |
| | * | |
| **TIMOTHY OLAWUNI, et. al.** | * | |
| | * | |
| Defendant/Third Party Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| **ALEA LONDON LIMITED** | * | |
| | * | |
| Third Party Defendant | * | |
| | * | |

## DEFENDANT/CROSS-PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Defendants/Cross-Plaintiffs Timothy Olawuni, Florence Olajide and Tim & Flo Realty/Construction Firm, LLC, (hereinafter "Tim & Flo Realty") by and through counsel, MaryRose Ozee Nwadike respectfully file this Memorandum of Points and Authorities in Response to Cross-Defendant Alea London Limited (hereinafter "Alea") Motion for Summary Judgment.

## INTRODUCTION

1.       This case is before the Honorable Court on Plaintiff FIC's Complaint for Negligence and Nuisance against Defendant/Cross Plaintiffs Tim & Flo Realty. Plaintiff filed the lawsuit as subrogee for Denise Washington to recover damages it paid or may pay to Ms. Washington for damages to her property following the collapse of the common wall between her property and an

adjacent property. The Defendants were doing renovation work in the adjacent property when the

wall collapsed.  Defendants' cross-claimed against Alea demanding indemnification of all damages

claimed by the Plaintiff, in the event that Tim & Flo Realty is found to be liable to the Plaintiff for

the said damages.

<u>**DEFENDANTS/CROSS PLAINTIFFS'  STATEMENT OF FACTS**</u>

At all material times, Tim & Flo Realty maintained a Commercial General Liability insurance

policy with Cross-Defendant Alea London Limited that included coverage for bodily injury and

property damage liability as stated below:

> Section I - Coverages  under the subtitle <u>Coverages A. Bodily Injuries and Property</u>
> <u>Damage Liability</u>, Alea would "pay those sums that the insured becomes legally
> obligated to pay as damages because of bodily injury or property damages to which
> the insurance applies".

The period of coverage was from August 23, 2004 to August 23, 2005. The policy contained an

"Earth Movement" Exclusion endorsement. The exclusion endorsement reads as follows:

> Exclusion -Earth Movement
>
> This insurance does not apply to "bodily injury", "property damage" ,
> "personal injury, or "advertising injury" nor do we have any duty to defend any
> claim, suit action, demand, arbitration or alternative dispute resolution arising from,
> attributable to or aggravated by the movement of land whether caused by or resulting
> from natural forces or contributed to, in any way by, any work or operations
> performed by you or any contractor or subcontractor.
>
> "Movement of land" includes but is not limited to any movement of earth or
> land, whether at the surface or below the surface and includes any movement of earth
> to a higher or lower level, landslide, mud flow, mud slide, shearing, rising, settling,
> shifting and shrinking.
>
> All Other Terms and Conditions of this Policy Remain Unchanged.

**Activity resulting in present loss**:

On or about August 9, 2005, Defendants were preforming renovation work at the property

located at 1427 5th Street, NW, Washington, D.C., when the common wall joining that property and

1425 5th Street collapsed, damaging the real and personal property of Ms. Washington. Same day,

following the incident, Defendants Tim & Flo Realty contacted Alea through its adjusters, John

Eastern Company, Inc., and reported the incident to them. They requested that Alea investigate and

adjust the said damages, pursuant to the insurance policy.

It is unclear what specific steps were taken by Alea London to investigate the loss between

August 9, 2005 when it was first reported and January 4, 2007 when a denial of coverage was

formally communicated to the insured policy holder[1]. Meanwhile, on January 30, 2006, Plaintiff FIC

filed the instant lawsuit. Again, Tim & Flo Realty notified Alea of the lawsuit and requested to be

defended by the insurer but was rebuffed. Finally, on January 7, 2007, counsel for the

Defendants/Cross -Plaintiff received a letter from the Cross-Defendant's counsel disclaiming any

duty to defend and/or indemnify Tim & Flo Realty in the occurrence. In the disclaimer, counsel for

Alea argued that the Earth Movement Exclusion of the insurance policy precluded coverage for the

occurrence which is the subject matter of this lawsuit.

## PROCEDURAL HISTORY

Plaintiff Federal Insurance Company brought this Complaint for Negligence and Nuisance

against Defendants Timothy Olawuni, Florence Olajide, Tim & Flo Realty/Construction Firm, LLC,

and Pedro L. Rodriguez on January 30, 2006. On August 18, 2006 Plaintiff Federal Insurance

Company and Defendants Tim & Flo Realty appeared for a scheduling conference. At the conclusion

of the said hearing, this Court issued its scheduling Order which granted, inter alia, an order allowing

---

[1]    On November 6, 2006, many months after the filing of this lawsuit, Mr. Greg Kastendike took a recorded statement of Mr. Timothy Olawuni and Pedro Medrano concerning the occurrence.

the parties until  January 2, 2007 to amend their pleadings to include any necessary parties.

On December 20, 2006, Plaintiff Federal Insurance Company amended its pleadings to include Pedro Medrano and Timothy Adeyemi as party defendants. Defendants Tim & Flo filed an unopposed motion to add Defendant Alea London Limited as a necessary party. In their motion, Tim & Flo Realty argued that  they are entitled to an adjustment of the loss, indemnification and compensation  by Alea London Limited pursuant to the parties' insurance contract. On February 3, 2007, this Court granted Defendant's motion and issued Summons to be served on Defendant Alea London Limited.  On March 22, 2007, Defendant Tim & Flo Realty served Alea with the Cross-claim. Alea answered the Cross-claim on April 10, 2007 and filed a motion for limited discovery. On June 29, the court held a status conference, which was continued until July 9, 2007.  At the July 9, 2007 conference, this court ordered Alea London to file its Motion for Summary Judgment on or before July 23, 2007, and set the due date for Tim & Flo Realty's response for August 9, 2007.

## STANDARD OF REVIEW

Under F.R.C.P. 56, summary judgment may only be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. See *Celotex Corp. V. Catrett*, 477 U.S. 317 (1986). This Court may not grant summary judgment unless, after reviewing the evidence available in the light most favorable to the moving party, and drawing all reasonable inferences, it can conclude that no reasonable jury could reach a verdict in the non-moving party's favor. See *Holbrook v. Reno*, 196 F. 3d 255, 259-260 (D.C. Cir. 1999). See also, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). "Summary judgment is not warranted when the moving cannot demonstrate that there is no genuine issue as to any material fact and that it is clear that the he or she is entitled to judgment as a matter of law." *Colbert v. Georgetown Univ.,*

641 A.2d 469, 472 (D.C. 1994). The moving party has the burden of establishing the absence of

material factual issues. "Determination of the proper coverage of an insurance contract when the

facts are not in dispute is a question of law." *Pacific Indemnity Co. v. Linn*, 766 F.2d 754, 760 (3d

Cir. 1985). But, where as here, disputable material facts such as ambiguities in the insurance

contract exist, these issues are for the jury to resolve. Therefore, a grant of summary judgment will

be highly prejudicial and result in manifest injustice to the non-moving party.

Generally, ambiguities in insurance contracts are resolved against the insurer, as the drafter

of the policy at issue. More particularly, where that ambiguity is with regard to an exclusion clause

(as in the "earth movement" clause in the present policy), such ambiguity is construed strictly

against the insurer and liberally in favor of the insured.

## **ARGUMENT**

As a preliminary matter, "[w]hile coverage provided by insurance policy must be interpreted

in light of its stated conditions, standard exceptions to coverage must give way when they conflict

with specific coverage negotiated by the parties." *Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co.,*

530 F. Supp. 1110, 1125 (D.C. 1982). In the present case, the applicable policy is a Commercial

General Liability Insurance (hereinafter CGLI) policy providing liability coverage for bodily injury

and property damage for Tim & Flo Realty, a construction company. Under such a policy the

intention of the parties must be deduced from... "the entire agreement, not from any part or parts of

it, and where a contract has several stipulations, the intention of the contracting parties is not

expressed by any single clause or stipulation, but by every part and provision in it, which must be

considered together, and so, construed as to be consistent with every part." *Harrow Products, Inc.*

*v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1025 (6th Cir. 1995) (quoting *Johnson v. Millern* 326 Mich.

682,688, 40 NW 2d 770 (1950)); *Auto Club Ins. Ass'n v. Loznis*, 215 Mich. App. 415, 419, 546 NW 2d 648 (1996). Under the CGLI policy in effect here, the intention of the parties was to provide liability coverage to Tim&Flo for acts of negligence by them (the insured) and/or their agents, employees or subcontractors. Clearly, the definition of "earth movement" as included in the endorsement conflicts with the specific coverage negotiated by the parties, which is to provide coverage for a construction company engaged in the business of home renovations and remodeling.

**Issues for Determination:**

In each of the earth movement exclusion cases, the major issue for determination by the courts is the definition of that term and by extension, whether coverage is afforded the insured under the insurance policy in issue. The minor issue for determination is the causation of the loss which the insurance company seeks to exclude. Most courts have strictly construed the term "earth movement" but in the main, the applicability of the clause are determined by the particular fact patterns presented in each case and is therefore a matter for the trier of facts. And to determine whether the cause of the loss is within the earth movement exclusion, courts have generally made a decision after hearing the facts of the case. In this regard a grant of summary judgement as a matter of law is precluded.

**Earth Movement Exclusion here is ambiguous**

In an attempt to discharge itself from liability, Alea argues in its Motion for Summary Judgment that the "unambiguous terms of the Earth Movement Exclusion excludes" coverage in the loss, citing the language in the Earth Movement Exclusion clause that Alea should not pay for damages "attributable or contributed to or aggravated by the movement of land whether caused by or resulting from natural forces or contributed to, in any way, by any work or operations performed

by Tim & Flo Realty/Construction Firm] or any contractor or subcontractor." Alea relied on *Rhoden v. State Farm and Cas. Co..*, 31 F. Supp. 2d 907, 910-13 (S.D. Miss)[2] and *State Farm Fire and Cas. Co. v. Castillo*, 829 So.2d 242, 246 Fla. Dist. Ct. App. 2002). These cases, Alea argued, support its position that the earth movement exclusion in this particular case precludes coverage for any liability resulting from earth movement regardless of cause. This argument must fail because of the distinct differences between Tim & Flo's case and the two cases cited by Alea.

Preliminarily, the policies involved in the *Rhoden* and *Castillo* cited above are homeowner policies for single family homes and not CGLI policy as in this case. In *Rhoden*, the homeowners sought compensation for damages caused to their home as a result of earth movement pursuant to their all-risk homeowner's insurance policy with State Farm. The court held that the qualifying clause made it clear that the insurance company would not insure for damages resulting from earth movement, whether the movement was a result of natural causes or from any other causes. Id. at 913.

Similarly, in *Castillo*, another all-risk homeowner's insurance policy, the Castillos sued State Farm Fire and Casualty Company demanding compensation for structural damages caused in their home as a result of nearby construction blasting. The Third District reversed the trial courts ruling that the provisions of the Castillo policy was ambiguous, noting that generally, ambiguity arises when more than one interpretation may be fairly given to a policy provision. *State Farm Fire and Cas. Co.* 829 So.2d at 245. It is noteworthy that this matter proceeded to trial.

With all due respect, neither of these cases apply in the instant case and here's why: Whereas these two cases cited apply to all risk home-owner's insurance, the policy in this case is a

---

[2]    Please note the correct citation as Rhoden v. State Farm Fire & Cas. Co., 32 F. Supp. 2d 907, 912-13 (S.D. Miss. 1998), aff'd, 200 EM 815 (5th Cir. 1999);

Commercial General Liability Insurance policy affording coverage to the insured for negligent acts which may arise in ordinary course of his business as one engaged in the business of building, renovation and remodeling of properties. And whereas **Castillo's** policy had a "lead in" clause which made the earth movement exclusion unambiguous, no such "lead-in" clause exists in the present CGLI policy of Tim & Flo. And whereas Rhoden and Castillo are first party claims for *acts of third parties*, the instant case is a first party claim for coverage for alleged negligence of the *first party insured.*

Because the term "earth movement" in the insurance lingo is at best ambiguous especially where the coverage sought is for commercial purposes, any such ambiguity which can be resolved in favor of the insured can only happen after the particular facts of the case have been presented to the trier of facts. In addition, where the insurance policy in question is a commercial policy providing liability for occurrences arising from the negligence of a contractor, a question exists for the jury, whether the earth movement exclusion contained therein, regardless of the wordings, refer only to phenomena resulting from natural or nonnatural forces ie causation of loss. Given these questions, summary judgment is precluded. See *Sentinel Associates v. American MFRS. Mut. Ins.*, 804 F. Supp. 815 E.D. Va 1992).

**Alea has a duty to defend Tim & Flo:**

The earth movement exclusion in the instant case states that Alea "does not have any duty to defend any claim ... from, attributable to or aggravated by the **movement of land** whether caused by or resulting from natural forces or contributed to, in any way by, by any work or operations performed by you or any contractor or subcontractor." It goes on to define "Movement of land" to include "any movement of earth or land, whether at the surface or below the surface and includes

any movement of earth to a higher or lower level, landslide, mud flow, mud slide, shearing, rising, settling, shifting and shrinking." Because this is a commercial insurance policy designed to protect the insured from acts of negligence arising from construction activities, it can only be said that the "earth movement" in this context contemplates a natural process ("acts of God") which includes weather related movement of land, earthquakes, landslide, mud flow, mud slide, shearing, rising, settling, shifting and shrinking dissolution, abrasion, and definitely not the collapsing of a wall which may well have been the result of the negligence of a construction worker or contractor. To determine whether this alleged negligent act is excluded from coverage, the facts of the alleged negligent activity (causation of loss) must be presented to the trier of facts.

Generally, courts have held that "earth movement " exclusionary clauses should not preclude coverage for insured persons such as Tim & Flo for the negligence of their employees, or contractors. In *Sauer v. General Ins. Co.* 225 Cal App. 2d 275, 37 Cal, Rptr 303 (1964, the court held that "the most efficient cause, the cause that sets other causes in motion, is the one to be considered in determining whether a policy exception controls." That court noted that in the case before it, *uncontroverted evidence* was that leaking water pipes were the primary cause of the sinking of the foundation. The court then concluded as a matter of law that the earth movement exclusion was inapplicable to the facts of the case. *Id*.

In *Wyatt v. Northwestern Mut. Ins. Co.* 304 F Supp. 781 (DC Minn 1969), the court held that an insurance policy clause excluding the insurers from liability for loss caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, landside, mudflow, earth sinking, rising or shifting" was designed and intended to exclude from coverage, natural causes such as earthquake, landslides and mudflows and that the exclusion did not

13

therefore exempt the insurer from liability for damages to the insured by excavation on to contiguous property adjacent to the building. Applying the doctrine of *ejusdem generis*, the court opined that the meaning of the words "earth movement" as used in the policy, were limited to general kinds of perils and its companion words such as earthquake and landslides.

It is well settled that "where the policy language involved is exclusionary, it will be strictly construed against the insurer in order that the purpose of providing indemnity not be defeated." See *National Mut. Ins. Co. v. McMahon & Sons, Inc.,* 177 W.VA. 734, 356 S.E.2d 488 (1987).

Similarly, a trier of fact viewing the insurance policy as a whole with the exculpatory language of the earth movement endorsement must find the language to be ambiguous where it trumps the intent of the parties.

In these situations, there are substantial questions of material fact for jury resolution whether or not earth movement exclusions may apply to exclude the renovation work under a commercial construction insurance company. It is worthy of note that but for this so called earth movement exclusion clause, Alea has not questioned coverage to Tim & Flo on any other basis whatsoever. That being the case, the court must allow this matter to go to the jury. To do otherwise would defeat a clear public policy duty of indemnification and chill honest contractors from pursuing their legitimate business with the assurance that their negligent acts are protected.

## <u>CONCLUSION</u>

_____In light of the foregoing, Defendants/Cross-Plaintiffs respectfully request that Alea's motion for summary be denied without a hearing.

Respectfully submitted,

/s/

14

_____

MaryRose Ozee Nwadike, Esquire
Bar Number 455695
8701 Georgia Avenue, Suite 600
Silver Spring, MD  20910
(301) 565-2424

Counsel for Defendants Tim & Flo Realty