**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 1:06CV00157** |
| v. ) | **Judge Paul L. Friedman** |
| ) | |
| **TIMOTHY OLAWUNI, et al.** ) | |
| ) | |
| **Defendants** ) | |
| ) | |
| _____) | |
| ) | |
| **TIMOTHY OLAWUNI, et al.** ) | |
| ) | |
| **Defendants/Cross-Plaintiffs** ) | |
| ) | |
| v. ) | |
| ) | |
| **ALEA LONDON LIMITED** ) | |
| ) | |
| **Cross-Defendant.** ) | |
| ) | |
| _____) | |

**CROSS-DEFENDANT ALEA LONDON LIMITED'S
REPLY TO CROSS-PLAINTIFFS' OPPOSITION TO ALEA'S
<u>MOTION FOR SUMMARY JUDGMENT IN RESPECT TO THE CROSS-CLAIM</u>**

Cross-Defendant Alea London Limited ("Alea"), through counsel, submits this Reply to Tim & Flo Realty's Opposition to Alea's Motion for Summary Judgment in Respect to the Cross-Claim. Alea incorporates by reference the background facts and standard of review submitted in its Motion for Summary Judgment filed with the Court on July 23, 2007.

Tim & Flo Realty alleges that it is entitled to coverage for the damage which resulted after one of its subcontractors excavated below the surface of 1427 5th Street, NW ("1427")

causing the party wall of 1425 5th Street, NW ("1425") to collapse resulting in substantial damage to 1425. However, by its plain and unambiguous wording, the earth movement exclusion to the policy at issue does not provide coverage for the loss suffered. Tim & Flo Realty does not and cannot dispute that the earth movement exclusion excludes coverage for the damage to 1425 and, instead they rely on frivolous arguments that have already been disposed of by courts in the District of Columbia.

In *Chase v. State Farm Fire and Casualty Company,* 780 A.2d 1123 (D.C. 2001), the District of Columbia Court of Appeals considered whether a similar earth movement exclusion precluded coverage for damage caused by a bursting water pipe which caused the foundation of a home to collapse. Ms. Chase purchased a homeowner's liability policy from State Farm Insurance which contained State Farm's standard earth movement exclusion.[1] When Ms. Chase's water pipes burst on an unusually cold day during the winter of 1996, causing the foundation of her home to collapse, she filed a claim with State Farm under her homeowner's policy. State Farm declined Ms. Chase's claim owing to her policy's earth movement exclusion. Among other reasons, Ms. Chase argued on appeal that she was entitled to coverage because: (1) the policy excluded coverage for losses attributable to earth movement only where natural forces caused the earth movement; (2) under the "reasonable expectations doctrine" she should be

---

[1] The State Farm earth movement exclusion is as follows:

"We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
   ***
b. Earth Movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence, erosion.

*See, Chase,* 780 A.2d at 1126; *Rhoden v. State Farm Fire & Cas. Co.,* 32 F. Supp. 2d 907, 911 (S.D. Miss. 1998); *State Farm Fire & Cas. Co., v. Castillo,* 829 So. 2d 242, 243-244 (Fla. Dist. Ct. App. 2002).

2

entitled to coverage; and (3) earth movement exclusions are against the public policy of the District of Columbia. *Id.* at 1129; 1131-32.

The Court of Appeals rejected Ms. Chase's arguments. After evaluating the earth movement exclusion found in Ms. Chase's policy, the court held that the wording of the exclusion was unambiguous and therefore exempted coverage for loss caused by the movement of land, whether such movement was caused by natural or unnatural forces. *Id.* at 1129. With respect to Ms. Chase's public policy arguments, the Court of Appeals noted that "the reasonable expectations doctrine is not a mandate for courts to rewrite insurance policies and reallocate their assignment of risks between insurer and insured." *Id.* at 1132. The court emphasized that under District of Columbia law, if an insurance policy's terms are "clear and unambiguous, they will be enforced by the courts as written, so long as they do not 'violate a statute or public policy'." *Id.* (quoting *Robinson v. Aetna Life Ins. Co.,* 228 A. 2d 236, 238 (D.C. 1972)) Because there is no public policy or statute in the District of Columbia which forbids earth movement exclusions, the court upheld State Farm's award of summary judgment in the trial court. *Id.*

Moreover, in an apparent attempt to rewrite the wording of the Policy, Tim & Flo Realty argues that the cases cited by Alea in its Motion for Summary Judgment which considered earth movement exclusions found in homeowner's insurance policies are somehow inapposite to the present case. However, in addition to *Chase v. State Farm*, the cases cited by Alea interpret earth movement exclusions which are similar to the one contained in the Policy at issue here. *See, Rhoden v. State Farm Fire & Cas. Co.,* 32 F. Supp. 2d 907, 910-913 (S.D. Miss. 1998); *State Farm Fire & Cas. Co. v. Castillo,* 829 So. 2d 242, 246 (Fla. Dist. Ct. App. 2002); Alea's Br. at 9. Namely, the State Farm earth movement exclusion defines earth movement to include losses covered by natural or unnatural events, as does the earth movement exclusion contained in

3

the Policy issued to Tim & Flo Realty. In both the Alea and State Farm policies, the earth movement exclusion unambiguously excludes coverage for any loss which would not have occurred in the absence of earth movement, regardless of the cause of the loss and regardless of the circumstances.

In a desperate attempt to create an ambiguity out of the clear and express terms of the earth movement exclusion, Tim & Flo Realty cites two cases, which notably also concern homeowner's insurance policies, for the proposition that the earth movement exclusion contained in Alea's Policy is only intended to cover "natural acts of God." *See, Sauer v. General Ins. Co.,* 225 Cal. App. 2d 275 (1964); *Wyatt v. Northwestern Mut. Ins. Co.,* 304 F. Supp. 781 (D. Minn. 1969); Tim & Flo Realty's Opp. Br. at 12-14. In each of the cases cited by Tim & Flo Realty, the earth movement exclusion at issue did not include the additional language contained in the Policy that Alea issued to Tim & Flo Realty (e.g. "This insurance does not apply to 'property damage'…attributable or contributed to or aggravated by the movement of land ***whether caused by or resulting from natural forces or contributed to, in any way, by any work or operations performed by [Tim & Flo Realty/Construction Firm] or any contractor or subcontractor***." See, Exh. 1 to Alea's Motion for Summary Judgment at Form EZ-EXCL-01) (emphasis added). It is undisputable that the Policy's plain and unambiguous earth movement exclusion positions the damage to 1425 beyond the scope of the Policy's afforded coverage. Accordingly, under the circumstances, Tim & Flo Realty is not entitled to indemnification or defense of the underlying lawsuit.

In sum, the law of the District of Columbia is clear that (1) if an insurance policy provision is clear and unambiguous, it will be enforced by courts as written as long as it does not violate public policy; (2) there is no public policy or statute which forbids the inclusion of earth

movement exclusions in insurance policies; and (3) the reasonable expectations of the insured "is not a mandate for courts to rewrite insurance policies and relocate their assignment of risks between insurer and insured." *See, Chase,* 780 A.2d at 1132. Tim & Flo Realty can point to no cases in the District of Columbia (or elsewhere) in which a *similar* earth movement exclusion was found to violate public policy or otherwise was rejected under the doctrine of reasonable expectations.

Based on the foregoing, Alea respectfully requests that the Court enter an order granting Alea's Motion for Summary Judgment in Respect to the Cross-Claim.

Respectfully submitted,

/s/Duane K. Thompson  /s/Elizabeth L. Marvin
Duane K. Thompson, Esq. (D.C. Bar # 376180)
Elizabeth L. Marvin, Esq. (D.C. Bar # 496571)
Baach Robinson & Lewis PLLC
1201 F Street, NW
Suite 500
Washington, DC 20004-1225
Tel: (202) 833-8900
Fax: (202) 466-5738

*Attorneys for Cross-Defendant Alea London Ltd.*

Dated:  August 15, 2007

5