UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL INSURANCE CO., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIMOTHY OLAWUNI, et al., ) <br> ) <br> Defendants, ) <br> _____) <br> ) <br> TIMOTHY OLAWUNI, et al., ) <br> ) <br> Third Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALEA LONDON LIMITED, ) <br> ) <br> Third Party Defendant. ) <br> _____) | Civil Action No. 06-0157 (PLF) |

OPINION

      This matter is before the Court on the motion of third party defendant Alea London Limited ("defendant" or "Alea") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]  Third party plaintiffs Tim & Flo Realty/Construction Firm

---

[1] The papers submitted in connection with this motion include: Alea London Limited's Motion for Summary Judgment in Respect to the Cross-Claim ("Def.'s Mot."); Alea London Limited's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Def.'s Mem."); Cross Plaintiffs' Response to Cross Defendant's Motion for Summary Judgment ("Pls.' Opp."); and Cross Defendant Alea London Limited's Reply to Cross Plaintiffs' Opposition to Alea's Motion for Summary Judgment in Respect to the Cross Claim ("Def.'s Reply").  The insurance policy at issue is Exhibit 1 to both the cross defendant's motion and the cross plaintiffs' opposition brief.

LLC, Timothy Olawuni and Florence Olajide ("plaintiffs") cross claimed against Alea London Limited, their insurance company, when Alea disclaimed coverage under an earth movement exclusion clause in an insurance policy. For the reasons explained below, the Court will grant Alea's motion for summary judgment.

## I.  BACKGROUND

Plaintiff Tim & Flo Realty/Construction Firm LLC had commercial general liability insurance from defendant Alea London Limited. See Commercial General Liability Insurance Policy ALTE 003493, Exh.1 to Def.'s Mot. ("Policy"). The policy describes the business as "Carpentry Construction of Residential Property." Id. The policy was effective from August 23, 2004 through August 23, 2005. See id. It includes an earth movement exclusion, which provides:

> This insurance does not apply to . . . [damages] . . . arising from, attributable or contributed to or aggravated by the movement of land whether caused by or resulting from natural forces or contributed to, in any way, by any work or operations performed by you or any contractor or subcontractor.
>
> "Movement of land" includes but is not limited to any movement of earth or land, whether at the surface or below the surface and includes any movement of earth to a higher or lower level, landslide, mud flow, mud slide, shearing, rising, settling, shifting or shrinking.

Policy, Additional Exclusions ("Earth Movement Exclusion").

On August 9, 2005, Tim & Flo Realty was performing excavation work during the course of renovation of residential property located at 1427 5th Street, N.W. in Washington, D.C. On that date a party wall, located between the house they were working on and the house next

door at 1425 5th Street N.W., collapsed. See Def.'s Mem. at 5; Pls.' Mem. at 6-7. Alea, in its Local Civil Rule 7(h) Statement of Undisputed Facts, states:

> The damage to 1425 5th Street, NW, Washington D.C. was "caused by" or "contributed to" by earth movement within the broad meaning of the exclusion. See Exh. 2, att. A.; Exh. 3.

Def.'s Statement of Undisputed Facts ¶ 3.

As a result of the collapse of the party wall, Federal Insurance Company, the insurer of the house at 1425 5th Street N.W., filed a complaint for negligence and nuisance against, among others, Tim & Flo Realty/Construction Firm LLC, Timothy Olawuni and Florence Olajide.[2] Tim & Flo Realty/Construction Firm LLC, Timothy Olawuni and Florence Olajide moved to join Alea London Limited as a party defendant on December 29, 2006, and Alea was added as a necessary defendant. Plaintiffs then brought a cross-claim against Alea for indemnification and contribution. Alea responded with an answer and later moved for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits [or declarations], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual

---

[2] Federal Insurance Company and defendant/third party plaintiff Timothy Olawuni executed a settlement agreement with respect to the underlying incident on December 11, 2007.

disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895.

When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hosp. Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc); Washington Post Co. v. Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007). The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. See FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

The non-moving party is required to provide evidence that would permit a reasonable jury to find in its favor. See Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see also Scott v. Harris, 127 S.Ct. 1769, 1776 (2007) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'")

(quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). To defeat a motion for summary judgment, the non-moving party must have more than "a scintilla of evidence to support his claims." Freedman v. MCI Telecomm. Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

"In cases in which the dispositive issue involves the construction of a contract, summary judgment may be appropriate if the provisions of the contract are unambiguous." Davis v. Chevy Chase Financial Ltd., 667 F.2d 160, 169 (D.C. Cir. 1981); see also America First Inv. Corp. v. Goland, 925 F.2d 1518, 1520 (D.C. Cir. 1991); Farmland Industries, Inc. v. Grain Bd. of Iraq, 904 F.2d 732, 736 (D.C. Cir. 1990). Furthermore, it is settled that whether a contract term is ambiguous is a question of law to be determined by the Court. See Carey Canada, Inc. v. California Union Ins. Co., 708 F. Supp. 1, 4 (D.D.C. 1989).

III.  DISCUSSION

In support of its motion for summary judgment, Alea argues that the insurance policy's earth movement exclusion unambiguously and expressly excludes coverage for damages arising from excavation work such as the work done here. See Def.'s Mot. ¶ 1; Def.'s Mem. at 3, 7-11. Plaintiffs respond that the language of the earth movement exclusion is ambiguous and that the exclusion violates public policy. See Pls.' Mem. at 3, 6, 14. Upon careful consideration of the record in this case, the Court concludes that the earth movement exclusion is not ambiguous, clearly applies to the facts of this case, and does not violate public policy. The Court therefore will grant Alea's motion for summary judgment.

*A. Ambiguity*

"An insurance policy is a contract between the insured and the insurer, and in construing it [the Court] must first look to the language of the contract." Cameron v. USAA Property and Casualty Ins. Co., 733 A.2d 965, 968 (D.C. 1999). "Where [insurance] contract language is not ambiguous . . . a written contract duly signed and executed speaks for itself and binds the parties without the necessity of extrinsic evidence." Id. (alteration in original and internal quotation omitted). When a contract's terms are unambiguous, "they will be enforced by the courts as written, so long as they do not 'violate a statute or public policy.'" Robinson v. Aetna Life Ins. Co., 288 A.2d 236, 238 (D.C. 1972). "Where an insurer attempts to avoid liability under an insurance policy on the ground that the loss for which recovery is sought is covered by some exclusionary clause, the burden is on the insurer to prove the facts which bring the case within the specified exception." Cameron v. USAA Property and Casualty Ins. Co., 733 A.2d at 969 (internal quotation and citation omitted).

Defendant is correct that the earth movement exclusion is unambiguous. In Chase v. State Farm Fire and Casualty Co., the District of Columbia Court of Appeals considered a similar clause found in a homeowner's insurance policy that provided:

> We do not insure under any coverage for any loss which would not
> have occurred in the absence of one or more of the following
> excluded events. We do not insure for such loss regardless of:
> (a) the cause of the excluded event; or (b) other causes of the loss;
> or (c) whether other causes acted concurrently or in any sequence
> with the excluded event to produce the loss; or (d) whether the
> event occurs suddenly or gradually, involves isolated or
> widespread damage, arises from natural or external forces, or
> occurs as a result of any combination of these:

* * *

6

> Earth Movement, meaning the sinking, rising, shifting, expanding, or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion.

Chase v. State Farm Fire and Casualty Co., 780 A.2d 1123, 1126 (D.C. 2001). The District of Columbia Court of Appeals concluded that the earth movement exclusion in the homeowner's insurance policy unambiguously excluded coverage for damages when a living room floor collapsed after water had leaked into the foundation soil of the home and weakened the floor structure, rendering the home uninhabitable. See id. at 1126-29. The court expressly concluded that the earth movement exclusion was unambiguous. See id. at 1132.

Defendant argues that, in this case, the unambiguous language of the earth movement exclusion expressly excludes coverage for damages caused by the excavation work performed by Tim & Flo Realty. See Def.'s Mot. ¶ 2. Plaintiff insists that coverage for the damages caused by the excavation work should not be excluded by the earth movement exclusion. See Pls' Mem. at 10-14. As stated previously, when a contract's terms are unambiguous, "they will be enforced by the courts as written, so long as they do not 'violate a statute or public policy.'" Robinson v. Aetna Life Insurance Co., 288 A.2d 236, 238 (D.C. 1972). Plaintiffs seek to distinguish Chase and two other cases defendant cites, arguing that they are not persuasive because they involved homeowners' policies rather than commercial policies like the one at issue here. See Pls.' Mem. at 11-12. The cases cited by plaintiffs are not binding authority on this Court. More importantly, the Court is not persuaded that the difference between a homeowner's and a business insurance policy is dispositive.

7

### B. Causation

The exclusion states "[t]his insurance does not apply to . . . [damages] . . . arising from, attributable or contributed to or aggravated by the movement of land whether caused by or resulting from natural forces or contributed to, in any way, by any work or operations performed by you or any contractor or subcontractor." Policy Earth Movement Exclusion. To apply this exclusion, the damages must arise from the movement of land, which is defined as "any movement of earth or land, whether at the surface or below the surface and includes any movement of earth to a higher or lower level, landslide, mud flow, mud slide, shearing, rising, settling, shifting or shrinking." Id.

Defendant asserts that Tim & Flo Realty's excavation work caused or contributed to the collapse of the party wall and the resulting damages. See Def.'s Statement of Undisputed Facts ¶ 3; see also Def.'s Mem at 5-6 (summarizing and citing evidence). The Local Civil Rules of this Court require a motion for summary judgment to be "accompanied by a statement of material facts as to which the moving party contends there is no genuine dispute," and any opposition brief must include "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated[.]" LCvR 7(h); see also LCvR 56.1 (same). Either form of statement "shall include references to the parts of the record relied on to support the statement." LCvR 7(h). In ruling on the motion for summary judgment, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Id.; see also Arrington v. United States, 473 F.3d 329, 335 (D.C. Cir. 2006).

The purpose of the Local Rule is to "[isolate] the facts that the parties assert are material, [distinguish] disputed from undisputed facts, and [identify] the pertinent parts of the record." Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Gardels v. Central Intelligence Agency, 637 F.2d 770, 773 (D.C. Cir. 1980)). When a statement by a non-movant purports to specify genuine factual issues but does not "set forth specific, material facts, [and] simply [asserts], without citing evidence in the record, that there [is] a disputed issue," it fails to comply with the Local Rule. Burke v. Gould, 286 F.3d at 518. When a non-moving party fails to comply with Local Rule 7(h), the Court may assume that the facts identified by the moving party are admitted. See LCvR 7(h); Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 154 (D.C. Cir. 1996). The Court is not obligated "to sift and sort through the record, that is, engage in time-consuming labor that is meant to be avoided through the parties' observance of [the Rule]." Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d at 153; see also Burke v. Gould, 286 F.3d at 518.

In their brief, plaintiffs have ten numbered paragraphs which one could construe as a Local Civil Rule 7(h) statement of material facts. Paragraph 10 of that "statement" reads as follows:

> There is a genuine and disputable question whether the Cross-Defendant may be permitted to circumvent a rule of public policy and be permitted to write exculpatory and exclusionary policy languages as they see fit, without protecting the intended interests of the parties to the policy. There is also a genuine and disputable question as to the proper interpretation of the language in the exclusion endorsement, to wit: "earth movement."

Pls.' Opp. at 3 ¶ 10. Neither of these so-called "genuine disputable questions," however, serve the purpose of the Local Civil Rule or the test for summary judgment under Rule 56 of the

9

Federal Rules of Civil Procedure because they do *not* identify genuine issues of material *fact* in issue. Rather, they assert genuine disputed issues involving contract interpretation and public policy which can and should be decided as a matter of law.

Nor does the "statement of facts" section of plaintiffs' memorandum of law meet the test for an opposition to a motion for summary judgment. It does *not* provide citations to or otherwise point to any evidence that puts in issue for trial the question of causation. The opposition to the motion for summary judgment does *not* "set out specific facts showing a genuine issue for trial" supported by affidavits, declarations, or other competent evidence, as required by both the Federal and Local Rules. As Rule 56(e) of the Federal Rules of Civil Procedure explicitly states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, *its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.*

FED.R.CIV.P. 56(e) (emphasis added); see also Burke v. Gould, 286 F.3d at 517; 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2739 (3d ed. 2004).

Alea's Statement of Undisputed Facts contains the following, as noted above: "The damage to 1425 5th Street, NW, Washington D.C., was 'caused by' or 'contributed to' by earth movement within the broad meaning of the exclusion." Statement of Undisputed Facts ¶ 3. Plaintiffs' statement of facts, by contrast, contains not a single citation to any evidence and does not dispute causation. See Pls.' Mem. at 6-7. Because plaintiffs have failed to follow the

Federal and Local Rules and have failed to "identify pertinent parts of the record" to show that this fact – causation – is in dispute, the Court will deem this fact to be admitted.[1]

*C.  Public Policy*

Plaintiffs assert in a conclusory manner that the earth movement exclusion violates public policy.  They do not argue this point nor provide any case citations whatsoever to support their assertion that the exclusion violates public policy.  The Court is not persuaded.  Furthermore, the District of Columbia Court of Appeals has held, under District of Columbia law, that a similar earth movement exclusion in a homeowner's insurance policy does not violate public policy.  See Chase v. State Farm Fire and Casualty Co., 780 A.2d at 1132 (concluding that "[t]here is no statue or articulated public policy that would restrain [the earth movement exclusion's] operation in this case.").

Because the Court has decided that the earth movement exclusion is unambiguous, that it applies to the undisputed facts of this case, and that it does not violate public policy, the Court will enforce the exclusion as written.  For the foregoing reasons, the Court will grant Alea's motion for summary judgment and enter judgment for Alea on the cross claim.  An Order consistent with this Opinion will be issued this same day.

```
                                      _____/s/_____
                                      PAUL L. FRIEDMAN
DATE:  March 6, 2008                  United States District Judge
```

---

[1] Moreover, excavation work clearly fits within the definition of "movement of land."  The excavation work performed by plaintiffs included manually digging soil and moving it from its original location, which would fall within "any movement of earth to a higher or lower level."  Policy Earth Movement Exclusion.